ELLEN I. McGIBBON et al., as Administrators de Bonis Non of the Estate of BELFRAGE McGIBBON, Deceased, Appellants, v. EDWARD B. TARBOX, as Surviving Partner of the Firm of McGIBBON & TARBOX, Respondent.

Partnership — interest not allowed to a partner on capital, without express agreement to that effect.

1. It is the settled law of the state that interest is not to be allowed to either partner on capital, unless there is an express agreement to that effect, though in case of a loan by a partner to the firm, interest may be allowed.

2. When upon the decease of one of the partners, business was carried on by the surviving partner by consent of all parties in interest and the survivor is allowed for his services as manager of the business, he should not be allowed interest on his excess of capital.

*McGibbon* v. *Tarbox*, 144 App. Div. 837, reversed.

(Argued April 2, 1912; decided April 12, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 29, 1911, modifying and affirming as

modified a judgment in favor of plaintiffs entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George A. Fisher* for appellants. The Appellate Division erred in allowing the defendant interest on capital employed in the firm's business. (Van Santvoord's Eq. Pr. 183; *Kennedy* v. *Porter*, 109 N. Y. 550; *King* v. *Leighton*, 100 N. Y. 392; *Ames* v. *Downing*, 1 Bradf. 321; *Russell* v. *McCall*, 141 N. Y. 437; *Kastner* v. *Kastner*, 53 App. Div. 293; *Skidmore* v. *Collier*, 8 Hun, 50; *Darren* v. *Calkins*, 154 N. Y. 503; *Hull* v. *Cartledge*, 18 App. Div. 62; *Farr* v. *Morrell*, 53 Hun, 31; *Preston* v. *Fitch*, 137 N. Y. 41.)

*Alexander Neish* and *Wesley Gould* for respondent. The defendant was entitled to interest on his excess of capital in the firm. (*Rogers* v. *Clement*, 162 N. Y. 425.) The referee erred in not giving the defendant interest or profit upon his excess of $2,056.87 that remained in the business during the entire period from 1884 to 1906. (*C. N. Bank* v. *Strauss*, 137 N. Y. 148; *Matter of Laney*, 50 Hun, 15; *Hull* v. *Cartledge*, 18 App. Div. 62; *Wilson* v. *Simpson*, 89 N. Y. 619; *King* v. *Leighton*, 100 N. Y. 386; *Skidmore* v. *Collier*, 8 Hun, 50–54; *Burwell* v. *Mandeville*, 2 How. Pr. 560.)

Cullen, Ch. J. This action is brought for an accounting by the representatives of the deceased partner against the survivor. In May, 1873, the plaintiffs' intestate and the defendant entered into a copartnership as merchants dealing in hardware at Hancock, a village of this state, making equal contributions to the capital stock and sharing equally the profits and losses. The partnership continued till September, 1884, when plaintiff's intestate died, leaving a widow and several children. The family

relation between the partners was intimate, the deceased having married the defendant's sister and the defendant having married a sister of the deceased. After the death of the plaintiffs' intestate the defendant carried on the business as it had been theretofore conducted, making payments from time to time to the widow from the profits of the business for the support of herself and her children, who were very young at the decease of her husband. This continued until the youngest child of the deceased partner became of age, when the plaintiffs were appointed administrators of the deceased partner. No accounting or settlement was ever had between the parties. The referee before whom the case was tried found as matters of fact that the deceased and the defendant were equal partners sharing the profits and losses equally, but that on account of the difference between the respective drafts of the parties the interest of the defendant in the capital of the partnership, at the time of the death of plaintiffs' intestate, exceeded that of his deceased copartner by the sum of $2,056.87. It was also found that the business was continued by the surviving partner with the consent of all parties in interest. In adjusting the accounts the referee awarded to the defendant compensation for his services in the management and conduct of the business and a sum for rent of the building occupied by the firm, which was the property of the defendant. But he divided the profits equally. This resulted in an award to the plaintiffs of the sum of $1,229.92. The Appellate Division has modified this judgment by awarding the defendant interest on his excess of capital during the whole period. From the modification the plaintiffs have appealed to this court.

The order of the Appellate Division does not purport to have modified the judgment of the referee on questions of fact. Therefore, the modification must be presumed to have been made exclusively on questions of law, the facts as found by the referee being left undisturbed.

(Code, § 1338.) The sole question before us is whether on the facts found the defendant was entitled to interest on the excess of capital. We think the established law of this state is to the contrary. Concededly, the business was continued by the defendant instead of liquidating it by the consent of all the parties in interest. The referee awarded the defendant compensation for such services and we think, under the circumstances, the award was properly made; but that question is not before us, as the plaintiff took no appeal from the judgment. After paying the defendant for his services as manager we do not see why in other respects the interest and rights of the parties should not be precisely the same as they would have been in case both partners had lived. In such case it is the settled law of the State that interest is not to be allowed to either partner on capital, unless there is an express agreement to that effect, though in case of a loan by a partner to the firm interest may be allowed. (*Rodgers* v. *Clement*, 162 N. Y. 422. See cases cited, p. 425.) That there was no loan to the firm in this case is clear, the difference in the amounts owing from the business to the two partners being due solely to the difference in their respective drafts. But in addition to the analogy between the present case and the conduct of a partnership by two living partners, the question seems settled by the decision of this court in *Matter of James* (146 N. Y. 78). It was there held that the estate of a deceased partner was not entitled to interest on the capital of that partner up to the time of final settlement, even though in the previous accounts between the partners such interest had been allowed. Judge Gray, writing for the court, there said that the fact that "interest had been credited is not a sufficient evidence of usage to dispense with the necessity of proving a special agreement. There were no articles of copartnership and all that was found with respect to the partnership interests was that Mr. Taylor was to have one-fifth of the profits and was

to bear one-fifth of the losses of the business. When their association of interests was dissolved by death, there was nothing upon which a right to claim interest on Mr. James' capital could rest." (p. 106.)

The judgment of the Appellate Division should be reversed, and that entered on the report of the referee affirmed, with costs in both courts.

GRAY, HAIGHT, VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment reversed, etc.