■ SAMUEL BERKOVITS et al., Respondents-Appellants, v. ROBERT W. HANLEY et al., Appellants-Respondents, and 723 AZON ROAD, LTD., Defendant.— Cross appeals (1) from judgments of the Supreme Court, entered February 3, 1972 and February 8, 1972 in Broome County, upon a decision of the court at a Trial Term, in favor of plaintiffs; and (2) from orders of said court, entered March 9, 1972 and March 16, 1972, which amended said judgments and denied defendants' motion for an order granting an additional hearing. This is an action for an accounting of the assets of a partnership formed by plaintiffs and defendant Robert W. Hanley. The partners were originally employees, stockholders and/or officers of Binghamton Service and Painting, Inc. On February 17, 1968 they formed a partnership known as Binghamton Service and Painting — Special Fund (hereinafter referred to as " Special Fund "), and acquired the business which had previously been carried on as Binghamton Service and Painting, Inc. All of the partners advanced money in the form of loans to the partnership to provide the original operating capital for the partnership. Plaintiffs, Osborne, Newkirk, and Ross each loaned $1,000; plaintiff Berkovits loaned $1,500; and defendant Hanley loaned $9,500. Each partner had an equal share in the partnership even though the loans varied in amounts. The Special Fund began performing painting contracts early in 1968, and defendant Hanley acted as manager of the partnership. In August, 1968 the Special Fund considered purchasing real estate located at 723 Azon Road, Johnson City, for use in its business. When one of the partners suggested that the $8,000 needed for a down payment be paid from moneys belonging to the Special Fund, defendant Hanley replied that there was not sufficient cash in the business. It was finally agreed that three of the plaintiffs, Osborne, Berkovits and Ross would contribute 50% of the down payment, and Hanley would supply the remaining 50%. Defendant Hanley admittedly converted approximately $3,500 from moneys of the Special Fund to pay his 50% portion of the down payment. A corporation, 723 Azon Road, Ltd. was formed to hold the real estate, with four stockholders holding interests as follows: Berkovits 18.75%, Ross 18.75%, Osborne 12.5%, and Hanley 50%. During the course of the partnership, plaintiffs were kept ignorant of the financial interest of the partnership. Plaintiff Osborne testified that he was told that the Special Fund was short of money because the accounts were not paying for the work performed. One reason for the poor cash position was the fact that completed contracts had not been billed, including one contract for approximately $22,000. In January, 1969, at a meeting of all the partners for the purpose of discussing the financial condition of the Special Fund, Hanley demanded that Berkovits sell his interest in the partnership, and there was no discussion of the partnership's financial condition. After the meeting, Berkovits and Ross left active participation in the partnership. On February 10, 1969 Hanley secretly formed Hanley Painting Associates, Ltd. In April, 1969 Hanley Painting began performing the remaining Special Fund contracts. Hanley Painting continued to perform the Special Fund contracts and additional work after this action was commenced and up to the time of trial. In May, 1969, after having been informed by Hanley that there was no more work for the Special Fund, and that all of the contracts were then held by Hanley Painting Associates, Ltd., plaintiffs Osborne and Newkirk ceased working with Hanley and joined plaintiffs Berkovits and Ross in commencing this action against defendants, Robert Hanley, Special Fund, and 723 Azon Road, Ltd. On August 14, 1969, at a Special Term, it was stipulated by the parties to this action that John A. Lauder, a certified public accountant, be appointed temporary receiver of the contracts,

money, accounts receivable, books and other property belonging to Special Fund, 723 Azon Road, Ltd., or Hanley Painting. The stipulation listed the uncompleted jobs of the Special Fund as of August 14, 1969, as well as those jobs outstanding being performed by Hanley Painting Associates, Ltd. Mr. Lauder served as temporary receiver from the time of his appointment until November 18, 1969, at which time he resigned and submitted statements of condition for Special Fund and Hanley Painting as of November 12, 1969. Mr. Lauder testified that the defendants were unco-operative in supplying the information needed for the conduct of his receivership and preparation of his statements of the financial condition of the business entities. After Mr. Lauder's resignation, James Duffy, Esq., was appointed temporary receiver and served until January, 1971. He submitted his report to the court showing the cash balances on hand for Special Fund and Hanley Painting as well as a summary of the individual contracts showing total contract price less cost of materials and direct payroll expenses for each contract. The trial was commenced in October, 1970 and, after a number of adjournments, was completed in March, 1971. The court rendered its decision on January 18, 1972, and judgment was entered on February 3, 1972. Plaintiffs basically seek an accounting of all partnership transactions including those of Hanley Painting properly attributable to the Special Fund and an equal division of the net worth of the partnership. They further seek a determination that plaintiffs and Hanley are equal owners of the corporation, 723 Azon Road, Ltd. They also contend that the acts of Hanley constituted misconduct, and that they are, therefore, entitled to an award of punitive damages. The trial court found that each of the plaintiffs is not entitled to a one-fifth interest in 723 Azon Road, Ltd., but that plaintiffs Osborne, Berkovits, Ross, and defendant Hanley are entitled to the stock ownership represented by their initial investment in the corporation, and further that plaintiffs did not establish any cause of action against the defendant corporation. With these findings we agree. Defendants do not dispute the trial court's determination that dissolution of the partnership and an accounting were proper, and that Hanley had breached his duty to his copartners to the extent that the assets of Hanley Painting were subject to audit in determining the net worth of the partnership. Defendants contend, however, that the trial court improperly determined the net worth of the partnership, and that it was error for the court to grant a final judgment, and instead an interlocutory judgment should have been granted ordering a formal accounting with further hearings. The trial court determined that the total net worth of Special Fund and Hanley Painting as of January 18, 1972 was $43,814.18. This determination was based exclusively on Lauder's statements of condition for Special Fund and Hanley Painting as of November 12, 1969 although the court agreed that the statements were not completely accurate. The court adopted these statements of condition because of the " conflict in evidence and the lack of complete and accurate financial information ". From the net worth figure, the court deducted the tentative profit of Special Fund which was offset by later losses set forth in Duffy's report which left a net worth of $31,946.11. The court added the contingent claim by Binghamton Service and Painting, Inc. which amount was ordered placed in escrow until the claim was disposed of by settlement or otherwise. Judgment was granted to each plaintiff for one-fifth of the amount of $31,946.11. The determination of the trial court as to the net worth of Special Fund should be affirmed. The Lauder report was the only competent evidence before the court on which it could make any reliable findings, and, if the report contained some inaccuracies or deficiencies, it was caused by Hanley's failure to co-operate. The issues were tried before the court for five

days, and all parties had sufficient opportunity to present evidence to establish a final adjudication of their respective rights. The granting of a final judgment was justified under the circumstances, and the requirement of further hearings and another accounting would be futile. The further contention of the defendants is that the grant of interest on the awards to plaintiffs from November 12, 1969 was error. In this contention they are correct since in the absence of an agreement to the contrary, interest is not to be allowed on partnership accounts until after they are finally determined. (*McGibbon* v. *Tarbox*, 205 N. Y. 271.) Interest should be awarded as of the date of the judgment of dissolution. The trial court found that there was no basis for an award of punitive damages, and further that the complaint did not allege nor demand punitive damages. Plaintiffs are correct in their contention that a claim for punitive damages need not be expressly pleaded if facts entitling plaintiff to such damages are alleged and that because the distinction between suits in equity and actions of law have been abolished, punitive damages may be awarded in equity type cases. (*I. H. P. Corp.* v. *210 Cent. Park South Corp.*, 16 A D 2d 461, affd. 12 N Y 2d 329.) The denial of punitive damages is clearly discretionary with the trial court and is not mandatory in any case unless made so by statute (*Binghamton Plaza* v. *Gilinsky*, 32 A D 2d 994), and we find no basis to disturb its decision. (Cf. *Gordon* v. *Nationwide Mut. Ins. Co.*, 62 Misc 2d 689, affd. 37 A D 2d 265, revd. 30 N Y 2d 427.) We have considered the other issues raised on this appeal and find them to be without merit. Judgments modified, on the law and the facts, by deleting the provision for the payment of interest from November 12, 1969, and, as so modified, affirmed, with costs. Orders affirmed. Herlihy, P. J., Staley, Jr., Sweeney, Simons and Kane, JJ., concur.