■  HAROLD HEDLEY, Individually and as a Copartner in the HEDLEY BOAT COMPANY, Respondent, v PAUL HEDLEY et al., Individually and as Copartners Doing Business as HEDLEY BOAT COMPANY, Appellants.—Order and judgment unanimously modified by reducing the interest award to 3.1% from October 25, 1972 and as modified affirmed, without costs. Memorandum: Appellants appeal from the order of Special Term which confirmed the referee's report and awarded interest to plaintiff-respondent on the value of his share in the partnership. The referee took evidence at great length and the record amply supports his determination that the value of plaintiff's share in the partnership was $26,226 (see *Shubert v Lawrence,* 27 AD2d 292, 294–295; *Ferguson v Ferguson,* 271 App Div 976). Plaintiff instituted the accounting action on April 28, 1969, and Special Term awarded him interest on his share at the legal rate from that date. However, the parties stipulated that the partnership be terminated as of October 25, 1972, and it was evaluated as of December 31, 1973. Interest on plaintiff's share should, therefore, run from the date of the dissolution, to wit, October 25, 1972 (Partnership Law, § 73; *McGibbon v Tarbox,* 205 NY 271, 274; *Berkovits v Hanley,* 40 AD2d 921, 923). Since the parties agreed that the business would continue as usual pending fixation of the value of plaintiff's share, the rate of interest, equitably, should not exceed that earned by the business in the meantime, to wit, 3.1% *(Shubert v Lawrence, supra,* pp 294–298). The interest payable on plaintiff's share should, therefore, be reduced to that amount. (Appeal from order and judgment of Niagara Supreme Court— accounting.) Present—Marsh, P. J., Simons, Mahoney, Dillon and Witmer, JJ.