OPINION OF THE COURT
Memorandum.
Judgment modified by granting prejudgment interest as of *583 January 12, 1979 on the award on defendant’s counterclaim, and, as so modified, affirmed, without costs.
The trial court’s finding that plaintiff was unduly dilatory in restoring utility service to defendant is supported by the weight of the evidence and warranted award of compensatory damages of $78,725 for the loss of profit suffered by defendant when two of its contractees canceled their contracts because of defendant’s inability to timely perform the contracted work because of lack of heat, and $19,000 because defendant’s subtenant removed from the premises 38 months before the termination date of the sublease. However, under the circumstances the trial court’s denial of punitive damages was within the proper exercise of its discretion (see, Berkovits v Hanley, 40 AD2d 921, 923). We note that the circumstantial evidence at the time and the existence of a gas leak warranted the shut off of service on April 12, 1978, and that defendant’s unusually long delay in complaining to the Public Service Commission and in instituting legal proceedings was a substantial contributory factor in the belated restoration of services.
Plaintiff’s delay in restoration of services constituted an "omission depriving or otherwise interfering with * * * enjoyment of * * * property” (CPLR 5001 [a]) which entitled defendant to receive prejudgment interest. Although plaintiff shut off gas service on April 12, 1978, defendant incurred no damages until the fall of 1978 when the lack of heat became crucial. Since defendant waives any claim to interest on its award prior to the date of restoration of service, interest is to be computed as of January 12,1979 (cf. CPLR 5001 [b]).
Kassoff J. P., Monteleone and Lerner, JJ., concur.