In the Matter of SPRINGS AESTHETIC PLASTIC SURGERY, P.C. JEFFREY R. RIDHA, Respondent; JITENDRA SINGH, Appellant. [58 NYS3d 204]—

Devine, J. Appeal from an order of the Supreme Court (Krogmann, J.), entered January 4, 2016 in Warren County, which, in a proceeding pursuant to Business Corporation Law article 11, determined to use a certain methodology to distribute the income of Springs Aesthetic Plastic Surgery, P.C.

Petitioner and respondent (hereinafter collectively referred to as the doctors) are plastic surgeons and were friends. Respondent began practicing prior to petitioner, and the two contemplated forming a joint practice after petitioner completed his training. The plans were put into effect in August 2008, and the doctors became equal shareholders in the Springs Aesthetic Plastic Surgery, P.C. (hereinafter Springs). The joint practice was terminated on January 26, 2012 and, two months later, petitioner commenced this proceeding* seeking the judicial dissolution of Springs and an accounting. The case proceeded to a nonjury trial where Supreme Court was asked to resolve one question, namely, what method was agreed upon by the doctors to distribute Springs' net income between them. Supreme Court determined that the doctors agreed to use a revenue generated income distribution (hereinafter RGID) methodology from August 1, 2008 to November 11, 2011 and thereafter equally divided it. Respondent now appeals.

Upon this appeal from a determination "issued after a nonjury trial, we are able to independently review the weight of the evidence and, while according appropriate deference to the trial judge's credibility assessments and factual findings, grant the judgment warranted by the record" (*Williams v State of New York*, 140 AD3d 1376, 1377 [2016] [internal quotation marks, ellipsis and citations omitted]; *see Matter of Gould Erectors & Rigging, Inc.*, 146 AD3d 1128, 1129 [2017]). Our independent review leads us to agree with the findings of Supreme Court and, as such, we affirm.

---

* Although this matter was brought as an action, we are treating this as a proceeding for a judicial dissolution and accounting of Springs, as recognized by Supreme Court.

The doctors treated themselves as employees of Springs and, as part of the process that led to their joint practice, a written employment agreement was drafted for each that would have distributed net corporate income to them using the RGID method. The draft employment agreements were not executed, leaving the question of what oral agreement took their place. The material terms of that agreement must be divined from "the objective manifestations of the intent of the parties as gathered by their expressed words and deeds" (*Brown Bros. Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d 397, 399 [1977]; *accord Stonehill Capital Mgt. LLC v Bank of the W.*, 28 NY3d 439, 448-449 [2016]). "In doing so, disproportionate emphasis is not to be put on any single act, phrase or other expression, but, instead, on the totality of all of these, given the attendant circumstances, the situation of the parties, and the objectives they were striving to attain" (*Brown Bros. Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d at 399-400 [citations omitted]; *see Zheng v City of New York*, 19 NY3d 556, 574 [2012]).

Here, petitioner testified that the draft employment agreements contained the doctors' actual agreement to use the RGID method. Respondent disagreed, but he also admitted that he did not express any concerns about the draft employment agreements in writing. The attorney who drafted the employment agreements, Matthew Fuller, testified that the RGID language in the drafts had been suggested by Springs' accountant and was "tailored . . . to fit the discussions" between himself, the accountant and the doctors. Fuller made clear that the draft employment agreements were in their final form and expressed his belief that the doctors had a meeting of the minds on their terms. The accountant, Robert Ricciardelli, confirmed that he had prepared the RGID language used in the draft employment agreements and that the doctors had seemingly agreed to those terms. There was, moreover, no documentary proof indicating that any other income distribution method was seriously considered by the doctors at the outset. Supreme Court found Fuller and Ricciardelli to be credible witnesses and, deferring to that assessment, the record leaves little doubt that the parties agreed to use the RGID method at the outset.

Petitioner testified that he did assent in 2010 to share income that he had earned in 2008 and 2009 with respondent, but he made clear that such was a response to respondent complaining that he had not received anything for the investments that he had made in his own practice before petitioner's arrival and denied ever agreeing to depart from the RGID method overall. The trial evidence bore that claim out, showing that the reve-

nue and expenses of Springs were associated with a specific doctor for bookkeeping purposes and that neither doctor had a say in the other's billing and collection procedures, practices consistent with the use of the RGID method. Indeed, the record reflected that respondent hired an attorney to handle his, and only his, overdue claims. Ricciardelli also understood that the RGID method was still being used in 2010 and, while respondent instructed him to distribute corporate income equally at that point, he acknowledged that he did not know if petitioner had agreed to that change. Petitioner gave no reason to believe that he had and, in fact, testified that he never would have agreed to such a change without obtaining a say in what he saw as the subpar billing and collection practices of respondent. Thus, after considering both the objective manifestations of an agreement to use the RGID method and the dearth of compelling evidence that the doctors agreed to abandon the method until November 2011, we perceive no reason to disturb the appealed-from determination (*see Gallagher v Long Is. Plastic Surgical Group, P.C.*, 113 AD3d 652, 653-654 [2014], *lv denied* 22 NY3d 865 [2014]; *Kowalchuk v Stroup*, 61 AD3d 118, 125 [2009]).

McCarthy, J.P., Rose, Clark and Mulvey, JJ., concur. Ordered that the order is affirmed, with costs.