Soghanalian v Young (2019 NY Slip Op 07658)





Soghanalian v Young


2019 NY Slip Op 07658


Decided on October 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 24, 2019

527142

[*1]Joann Soghanalian, Formerly Known as Joann Coletti, Appellant,
v
John W. Young et al., Respondents, et al., Defendant.

Calendar Date: September 4, 2019

Before: Egan Jr., J.P., Clark, Devine, Aarons and Pritzker, JJ.


JoAnn Soghanalian, Vestal, appellant pro se.
McDonough & Artz, PC, Binghamton (Philip J. Artz of counsel), for respondents.



Aarons, J.
Appeal from an order of the Supreme Court (Lebous, J.), entered May 3, 2018 in Broome County, upon a decision of the court rendered in favor of defendants John W. Young and Stuart Realty Enterprises, Inc.
Plaintiff and defendant Zaven Soghanalian, her spouse, were involved in various real estate transactions. Defendant John W. Young served as their legal counsel and created defendant Stuart Realty Enterprises, Inc. (hereinafter SRE) to protect the assets of plaintiff and Soghanalian. Plaintiff, Soghanalian and Young were officers and directors of SRE and, even though SRE acquired its assets through funds provided by plaintiff and Soghanalian, Young was a majority shareholder of SRE. It also appears that plaintiff was unaware of Young's status as a majority shareholder and believed that she and Soghanalian were the only shareholders of SRE. The relationship between Young and plaintiff and Soghanalian subsequently deteriorated and, in 2008, Young terminated their attorney-client relationship. Plaintiff commenced this action in 2012 seeking, as relevant here, an involuntary dissolution of SRE. Young and SRE (hereinafter collectively referred to as defendants) joined issue and asserted a counterclaim against plaintiff and a cross claim against Soghanalian alleging that plaintiff and Soghanalian improperly removed and disposed of a corporate asset belonging to SRE — specifically, a rare Mercedes Benz. Plaintiff submitted a reply to the counterclaim.
During the pendency of the action, Supreme Court issued an order temporarily restraining plaintiff and Soghanalian from, among other things, removing, destroying, selling, hiding or encumbering the Mercedes, which, at the time, was at their garage in their New York residence. Defendants thereafter moved to find plaintiff and Soghanalian in contempt for failing to comply with the temporary restraining order. Following a contempt hearing, the court granted the motion and found plaintiff and Soghanalian to be in contempt for removing the Mercedes outside of New York. The court, among other things, imposed a fine upon plaintiff and Soghanalian. Plaintiff, however, did not pay the fine and, after a second hearing, was found to be in contempt for failing to do so.
Prior to the trial on plaintiff's cause of action for an involuntary dissolution of SRE and defendants' counterclaim and cross claim, defendants submitted a motion in limine seeking, among other things, to strike plaintiff's reply to the counterclaim due to spoliation of the Mercedes, to admit certain evidence from the prior contempt hearings and to declare that one of SRE's liabilities was a debt owed to Young based upon a note issued in 2006. After hearing argument on the motion in limine, Supreme Court issued an oral bench decision granting this requested relief. At the argument, the parties also stipulated that SRE should be dissolved and, therefore, the trial proceeded in the nature of an accounting of SRE's assets and liabilities, as well as on defendants' counterclaim and cross claim. Following a nonjury trial, the court held, in a May 2018 order, among other things, that the Mercedes was an asset of SRE and that two of SRE's liabilities were separate debts owed to Young — one based upon a 2006 note and another based upon a $50,000 loan given to SRE by Peoples National Bank. The court also embodied its oral ruling on the motion in limine in the May 2018 order. Plaintiff appeals.
As an initial matter, we reject plaintiff's assertion that defendants' motion in limine was untimely or that she was not given proper notice of it. The trial was scheduled to begin on February 6, 2017, and defendants served their motion in limine on February 1, 2017. The trial, however, was subsequently adjourned to October 2017 and plaintiff was able to oppose the motion in limine. Under these circumstances, we conclude that plaintiff's assertion is without merit.
Turning to the merits of the motion in limine, plaintiff contends that Supreme Court erred in striking her reply to the counterclaim because it was Soghanalian's actions that led to the removal of the Mercedes and she had no control over him. We disagree. After the first contempt hearing, the court found that plaintiff, despite having actual notice of the temporary restraining order, "deliberately and willfully participated in the removal of the Mercedes." The court also found that she was "a willful party to the cover-up, concealment and removal of this vehicle" and that she purposely misled the court about the whereabouts of the Mercedes. In view of the foregoing, we reject plaintiff's claim that she bore no culpability for the removal of the Mercedes. Furthermore, taking into account plaintiff's willful conduct in flouting the temporary restraining order and the importance of having the Mercedes personally examined by defendants so that they could prove their counterclaim, we find that the court providently exercised its discretion in striking plaintiff's reply (see Miller v Weyerhaeuser Co., 3 AD3d 627, 628-629 [2004], lv dismissed 3 NY3d 701 [2004], appeal dismissed 5 NY3d 822 [2005]; Cummings v Central Tractor Farm & Country, 281 AD2d 792, 793-794 [2001], lv dismissed 96 NY2d 896 [2001]; see generally Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [2015]; compare Haynes v City of New York, 145 AD3d 603, 605-606 [2016]).
As to the issue of who owned the Mercedes, contrary to plaintiff's argument, by granting defendants' motion in limine, Supreme Court did not relieve defendants of their burden of proof on their counterclaim and cross claim. Indeed, defendants offered and relied upon evidence from the contempt hearings to establish that SRE owned the Mercedes. Specifically, defendants offered, among other things, a bill of sale reflecting that Soghanalian sold the Mercedes to SRE in exchange for 34 shares of common stock. Plaintiff counters that had her reply not been stricken, she would have relied upon two letters written by Young to Soghanalian, which, according to her, conclusively establish that the Mercedes was owned by Soghanalian. We note that the attempt by Soghanalian's counsel, in which plaintiff's counsel joined, to admit these letters into evidence was met with an objection by defendants. Although Supreme Court reserved decision, the record does not indicate that it made any ultimate ruling as to the letters' admissibility. Nor is the court's decision entirely clear as to whether it weighed these letters in determining that SRE owned the Mercedes. Nevertheless, these letters are part of the record and, even assuming that the court erred in striking plaintiff's reply and we considered them as part our authority to independently review the weight of the evidence (see Matter of Springs Aesthetic Plastic Surgery, P.C. [Ridha-Singh], 151 AD3d 1408, 1408 [2017]), we find no error in the court's determination that the Mercedes was an asset of SRE.
Plaintiff also takes issue with Supreme Court's determination that SRE was indebted to Young based upon a $50,000 loan given by Peoples National Bank. A former loan officer testified that SRE borrowed $50,000 under a note signed by plaintiff in her capacity as SRE's president. The loan had a pledge agreement that was signed by Young, personally, and by Soghanalian, personally and in his capacity as a corporate officer of SRE. A painting owned by Soghanalian was used as collateral for the loan. After payments on the loan were not made, a letter was sent to Young, with copies to plaintiff and Soghanalian, stating that the loan was in default. Young paid off the loan with his own funds, and Peoples National Bank assigned the note to him. Young testified that, after this assignment, no loan payments had been made to him. Although plaintiff argues that Young failed to establish whose funds were used to pay Peoples National Bank, the court credited Young's testimony that he had used his own personal funds. Plaintiff also argues that Young's credibility was compromised, but we defer to the court's assessment of Young's credibility (see id.). In view of the foregoing, we discern no basis to disturb the court's determination (see Berkovits v Hanley, 40 AD2d 921, 922-923 [1972]).
Finally, to the extent that plaintiff contends that Supreme Court erred in ruling that one of SRE's liabilities was a debt owed to Young based upon a note executed in 2006, she premises her contentions on her grievances pertaining to a separate proceeding involving the parties. Because they are based on matters dehors the record, we will not consider their merits (see Matter of Heinemeyer v State of N.Y. Power Auth., 229 AD2d 841, 843 [1996], lv denied 89 NY2d 801 [1996]). We further note that, although plaintiff filed a notice of appeal in that separate proceeding, the appeal was ultimately dismissed. Plaintiff's remaining arguments have been considered and are without merit.
Egan Jr., J.P., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.