(October 26, 1965)

■ George R. Teich, Appellant, v. Arthur Andersen & Co. et al., Respondents.— Order, entered on July 30, 1963, reversed, on the law, with $30 costs and disbursements to abide the event; defendants' motion for summary judgment in all respects denied; and plaintiff's request for summary judgment denied. There are issues of fact requiring a trial. The action is brought against the National Malleable and Steel Castings Company (National) and its auditors by a purchaser of its common stock. The plaintiff's causes of action are grounded upon the alleged fraudulent concealment or misrepresentations with respect to National's financial condition in the failure of disclosure in its 1956 and 1957 financial statements and in a stock listing agreement of substantial unfunded past pension obligations. On the theories of fraud and breach of warranty, the plaintiff alleges that he was induced by the concealment and misrepresentations to purchase for investment purposes in the market substantial quantities of the common stock, and he further alleges that the prices paid exceeded the value of the stock. There is an issue as to whether or not the purchase of stock by the plaintiff was induced by the alleged concealment or misrepresentations. There is a question whether or not, as alleged by plaintiff, "generally accepted accounting principles" required that the financial statements disclose the unfunded past service costs. In any event, there are issues of fact with regard to materiality of the alleged concealment or misrepresentations and plaintiff's reliance thereon. Finally, there are issues of fact as to whether or not plaintiff sustained any pecuniary loss. Injury is an essential element of a cause of action grounded in fraud; and the "true measure of damage is indemnity for the actual pecuniary loss sustained as the direct result of the wrong." (Reno v. Bull, 226 N. Y. 546, 553.) The plaintiff claims pecuniary loss in "that the value of what he received was less than either the quotations or costs" of the stock which he purchased. The fact that the plaintiff paid no more for his stock than the market price thereof as reflected by tradings on a stock exchange is not necessarily decisive as to plaintiff's right of action. (See Hotaling v. Leach & Co., 247 N. Y. 84.) The market price is very cogent evidence as to the value of the stock but, upon the record here, the market quotations as of the days of plaintiff's purchases would not necessarily be controlling. (Cf. Hotaling v. Leach & Co., supra; Kaminsky v. Kahn, 23 A D 2d 231, 243; Cleary v. Higley, 154 Misc. 158, 166–167, affd. 246 App. Div. 698, mot. for lv. to app. den. 270 N. Y. 673; Matter of Marcus [Macy & Co.], 273 App. Div. 725, 727; Kahle v. Mount Vernon Trust Co., 22 N. Y. S. 2d 454; Benson v. Braun, 8 Misc 2d 67.) Certainly, if it is established that the market price of the stock was inflated for a time by reason of the alleged wrongful concealment or misrepresentations in National's financial statements, the plaintiff should be entitled to show that, in paying the market price, he paid a price higher than the market price would have been except for the fraud. Concur — Breitel, J. P., Rabin and Eager, JJ.; Steuer and Witmer, JJ., dissent in the following memorandum: We dissent insofar as summary judgment is denied on defendants' application. Opposition to the determination of the majority is based upon the view that under the facts here disclosed plaintiff has not shown any damage. This view in turn rests upon the proposition that at the relevant times the value of plaintiff's stock is to be determined by its market price. Concededly if this is the proper way of determining damage, plaintiff has not alleged any damage, nor will he be able to do so. At the outset it should be borne in mind that this is not a case where the plaintiff purchased his stock from the defendant company. He bought it in the open market without any solicitation or other participation by the defendants in the transaction.

He was at all times in a position to dispose of it in the same way, and at all relevant times without loss. So in order to establish damage, plaintiff claims the right to recover the difference between the actual value of the stock and the market price which he paid. None of the cases cited in the majority opinion involves a comparable situation. They either deal with the right of stock appraisal by a dissenting stockholder (*Matter of Marcus* [*Macy & Co.*], 273 App. Div. 725); stockholders' derivative actions for the improper dealings of directors in stocks (*Cleary* v. *Higley,* 154 Misc. 158; *Benson* v. *Braun,* 8 Misc 2d 67), or actions against the seller of the security (*Hotaling* v. *Leach & Co.,* 247 N. Y. 84). In all of these actions the nature of the action indicates that the prevailing market price is not the proper indicator of value. Yet in each of these cases it is recognized that in transactions in stock market securities not having these special features the market price is the proper determinative factor. And in *Matter of Marcus* (*supra*), this court had occasion to say (p. 727) : " All of the decisions emphasize, however, that it is the facts of the particular case which determine the factors to be considered and the weight to be given them, and that market value is the controlling consideration where there is a free and open market and the volume of transactions and conditions make the market a fair reflection of the judgment of the buying and selling public." Here the plaintiff made a purchase on the basis of such a market fixed by the judgment of the buying and selling public. True, he claims that this judgment was influenced by what he characterizes as defendants' fraud. But at all relevant times he had a commodity whose value, similarly determined as it was at the time of his purchase, equalled or exceeded what he paid for it. Moreover, it appears he still has the stock. Under the circumstances, the true rule is stated in *O'Hara* v. *Derschug* (241 App. Div. 513, 521) : " However, it must be true that in no case may the plaintiff recover more than the difference between what he paid for the stock and its value at the time of discovering the fraud. Otherwise, after discovering the fraud, he could continue the investment and charge all future losses, if any, to defendant, and keep for himself all future gains in case the stock should rise in value." The order granting summary judgment to defendants should be affirmed. [40 Misc 2d 519.]