(November 4, 1991)

■ ANNE J. DelCASINO, Respondent, v ADOLPH KOEPPEL et al., Appellants.—In an action, *inter alia*, for a judgment declaring the rights of the parties under a shareholders' agreement and enjoining the defendants from interfering with the plaintiff's practice of law, the defendants appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Nassau County (Robbins, J.), entered January 31, 1990, which, *inter alia*, dissolved their professional corporation and directed the distribution of the corporation's assets so as to allow the plaintiff to retain her files.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1988 the plaintiff and the defendant Adolph Koeppel, both of whom are attorneys, organized a professional corporation. In their shareholders' agreement, the parties acknowledged that they each owned 50% of the corporation's stock. The agreement contained certain provisions setting forth the rights of the parties in the event one of them withdrew from the corporation. Both parties were given the option to withdraw his or her files. If Koeppel withdrew his files, the agreement provided that the plaintiff was entitled to receive a certain proportion of the "Stated Accounts * * * Accounts Receivable and Fixed Assets". On the other hand, if the plaintiff withdrew her files, which she agreed not to do before December 31, 1992, she would receive only a percentage of the Accounts Receivable and Fixed Assets, and not any part of the Stated Accounts. In addition, the agreement required the plaintiff to sell her shares to either Koeppel or the corporation upon her withdrawal. There was no provision in the agreement, however, requiring the plaintiff to sell or transfer her shares upon Koeppel's withdrawal of his files.

In October 1989 Koeppel elected to withdraw his files. Thereafter, each party claimed the right to continue operating the corporation without the other. The plaintiff commenced this action and moved for a preliminary injunction enjoining the defendants from interfering with her law practice and with her operation of the corporation. The defendants counterclaimed and cross-moved for partial summary judgment declaring that, once Koeppel withdrew his files, he had the controlling authority to wind up the corporation's business and that the plaintiff was entitled only to the payments representing the specified percentage of the "Stated Accounts,

Accounts Receivable and Fixed Assets". In the event that dissolution was deemed necessary, Koeppel requested that he be named the receiver. We find that the Supreme Court correctly found that the parties were deadlocked and directed that the corporation be dissolved and the corporate assets distributed.

The agreement in question expressly required the plaintiff to transfer her shares to Koeppel or the corporation if she withdrew her files, but lacked any similar provision requiring her to transfer her files upon Koeppel's withdrawal of his files. Hence, the plaintiff cannot be required to transfer her shares in that latter situation. It is fundamental that "[w]here the contract is clear and unambiguous on its face, the courts must determine the intent of the parties from within the four corners of the instrument" *(Matter of Meccico v Meccico,* 76 NY2d 822, 824). "In adjudicating the rights of parties to a contract, courts may not fashion a new contract under the guise of contract construction" *(Slatt v Slatt,* 64 NY2d 966, 967; *see also, Marine Assocs. v New Suffolk Dev. Corp.,* 125 AD2d 649). Mangano, P. J., Bracken, Lawrence and O'Brien, JJ., concur.