LAWRENCE A. KIRSCH, Appellant-Respondent, v A. LINDA LEVENTHAL, Respondent-Appellant.

Third Department, July 16, 1992

**APPEARANCES OF COUNSEL**

*Frost & Donahue, P. C. (Jerome K. Frost* of counsel), for appellant-respondent.

*Friedman & Manning, P. C. (Michael P. Friedman* of counsel), for respondent-appellant.

**OPINION OF THE COURT**

Levine, J.

Plaintiff and defendant are both attorneys and practiced together from 1982 to early March 1989. Plaintiff brought this action on the theory that the parties entered into an at-will partnership pursuant to an oral agreement in January 1983, which lasted until his voluntary withdrawal from the firm in 1989. He seeks a judgment of dissolution of the partnership and an accounting in which he claims entitlement to an equal share of partnership assets and in certain fees defendant received after his withdrawal. Plaintiff alleges that when the partnership dissolved in March 1989 he and defendant agreed on an allocation between them of files and clients, except with respect to personal injury, negligence and malpractice cases of the office pending at the date of dissolution. As to such cases, the parties allegedly agreed to divide the fees equally, consis-

tent with the terms of the partnership agreement under which the parties were equal partners. More specifically, plaintiff asserts a right to one half of a fee of some $345,423 defendant received in 1990 as a result of the settlement of a medical malpractice case on behalf of a client named Zebediah Geddes. The Geddes family members were long-standing clients of defendant. She referred the malpractice claim to an experienced local trial lawyer whose firm became the attorneys of record on the case when suit was brought.

After issue was joined by defendant's answer generally denying that a partnership existed or that plaintiff was entitled to share in fees on cases pending when he left defendant's office, plaintiff moved for summary judgment. Defendant cross-moved for summary judgment averring, *inter alia,* that the Geddes case was never a firm asset and that, even if it were, as a contingent fee case pending when defendant withdrew plaintiff would not be entitled to any portion of the fee subsequently received because, concededly, he never worked on the file. Supreme Court denied both motions and these cross appeals followed.

■ Upon our review of the parties' submissions on the cross motions, we conclude that plaintiff was entitled to partial summary judgment to the extent of directing an accounting. Plaintiff submitted documentary and other evidence in admissible form of the existence of an at-will partnership, consisting, *inter alia,* of partnership income tax returns, the actual sharing of profits and the parties' holding themselves out to the public as a law partnership. Therefore, the burden shifted to defendant to submit evidentiary proof to create a triable issue of fact on whether a partnership ever came into being *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Defendant's averments merely raised a triable issue as to the date of the formation of the partnership. Because, unquestionably, the partnership was dissolved when plaintiff withdrew in March 1989, he is entitled to an accounting *(see, Shandell v Katz,* 95 AD2d 742, 743).

■ In all other respects, we agree that triable issues were presented regarding, *inter alia,* whether the parties had reached a complete, fully executed agreement on the division of partnership assets, including pending cases, and whether the Geddes case was actually a partnership asset. Accordingly, the share, if any, of plaintiff in the firm's assets and profits, including the fee received by defendant in the Geddes case, must await determination in the accounting proceeding. Thus,

we reject the contention of defendant, relying on *Aurnou v Greenspan* (161 AD2d 438, *lv denied* 76 NY2d 713) that, because the Geddes case was under a contingent fee arrangement and had not been disposed of before the partnership was dissolved, plaintiff as the withdrawing partner was not entitled to a partnership share in any fee subsequently received but only to the quantum meruit value of the services, if any, he personally performed in the case.

As previously discussed, there is an issue of fact as to whether the Geddes case can properly be classified as a partnership asset. If so, and in the absence of a dissolution agreement providing otherwise, the case would have constituted unfinished business of the firm to be evaluated as of the date of dissolution in determining the value of plaintiff's partnership interest pursuant to Partnership Law § 73 *(see, Finkelstein v Fine Finkelstein Olin & Anderman,* 169 AD2d 662).* Ascribing a value to pending contingent fee personal injury files as a partnership asset in dissolution is the prevailing position in other States which, like New York, have adopted the Uniform Partnership Act (hereinafter UPA) and, thus, such decisional application of the UPA is entitled to significant precedential value *(see,* Partnership Law § 4 [4]; *Bader v Cox,* 701 SW2d 677 [Tex]; *Ellerby v Spiezer,* 138 Ill App 3d 77, 485 NE2d 413; *Resnick v Kaplan,* 49 Md App 499, 434 A2d 582; *Jewel v Boxer,* 156 Cal App 3d 171, 203 Cal Rptr 13; *Rosenfeld, Meyer & Susman v Cohen,* 146 Cal App 3d 200, 194 Cal Rptr 180; *In re Estate of Barbera,* 55 Ill 2d 235, 302 NE2d 302; *Frates v Nichols,* 167 So 2d 77 [Fla]; *see also,* Annotation, *Rights as to Business Unfinished or Fees Uncollected upon Withdrawal or Death of Partner in Law Firm,* 78 ALR2d 280).

The case of *Aurnou v Greenspan* (161 AD2d 438, *supra)* appears to conflict with the foregoing case law under the UPA insofar as it limits the withdrawing partner's interest in contingent fee cases pending as of the date of dissolution to the quantum meruit value of that partner's services actually performed on such cases *(supra,* at 439). The *Aurnou* limitation was expressly rejected in several of the decisions in other States *(see, e.g., Ellerby v Spiezer, supra; Resnick v Kaplan, supra; Frates v Nichols, supra),* and we decline to follow it. It appears to be inconsistent with the fiduciary duty of the partner in possession of the partnership business after dissolution to wind up the partnership's affairs and complete performance of any partnership service contracts for the benefit of

all partners *(see, Stem v Warren,* 227 NY 538, 546-547; *see also, Bader v Cox, supra; Resnick v Kaplan, supra; Frates v Nichols, supra).* Moreover, the *Aurnou* rule would encourage an unseemly and potentially unethical battle among the partners of a law firm facing dissolution over the clients of the firm whose files have the best prospects for an eventual lucrative recovery *(see, Ellerby v Spiezer, supra).*

That plaintiff may be entitled to a share in the value of the Geddes case at the date of dissolution does not, however, imply that he correspondingly would have a right to his full partnership share in the fee subsequently received when the case was settled following dissolution. Plaintiff is only entitled to "the value of his interest at the date of dissolution * * * with interest, or, at his option * * * in lieu of interest, the profits attributable to the use of his right in the property of the dissolved partnership" (Partnership Law § 73). To the extent that the ultimate successful settlement of the Geddes case was due, as defendant avers, to her postdissolution efforts, skill and diligence, the firm's fee in the Geddes case proportionately would not be " 'attributable to the use of [plaintiff's] right in the property of the dissolved partnership' " *(Bader v Cox,* 701 SW2d 677, 681, *supra).*

WEISS, P. J., YESAWICH JR., MAHONEY and HARVEY, JJ., concur.

Ordered that the order is modified, on the law, without costs, by granting plaintiff partial summary judgment to the extent of directing an accounting, and, as so modified, affirmed.