■ ANNE J. DELCASINO, Appellant, v ADOLPH KOEPPEL et al., Respondents. [615 NYS2d 454] —In an action, inter alia, for a judgment declaring the rights of the parties under a shareholders' agreement, the plaintiff appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated August 6, 1992, which denied her application.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith, including an accounting.

In a prior appeal in this action (DelCasino v Koeppel, 177 AD2d 464), we found that the Supreme Court properly granted the plaintiff's application for dissolution of the corporation and the distribution of its assets. Thereafter, the plaintiff sought an accounting and distribution, inter alia, of the corporation's bank accounts and assets, including fees earned on cases which were not settled or adjudicated prior to dissolution. The court denied the plaintiff's motion.

On appeal, both parties rely on this Court's decision in Dwyer v Nicholson (193 AD2d 70). The defendants claim that the shareholders' agreement provides that only specified, tangible assets are subject to distribution upon dissolution, and they excluded the value of pending contingent fee cases. We agree with the plaintiff's argument that Dwyer is distinguishable from this case. In Dwyer, there was an agreement providing that only specified items would be subject to distribution "upon dissolution". Here, the agreement does not address distribution of assets upon dissolution.

In Dwyer, we stated that we subscribe to the view of the Appellate Division, Third Department and courts in other jurisdictions that pending contingency fee cases constitute partnership assets subject to distribution upon dissolution. Absent agreement, both parties are entitled to recover their share of the fees that the corporation earns from pending contingency fee cases (see, Dwyer v Nicholson, supra, at 70).

Accordingly, we reverse the order, and we remit the matter

to the Supreme Court, Nassau County, for further proceedings consistent herewith, including an accounting. Bracken, J. P., Lawrence, Joy and Goldstein, JJ., concur.