■ RICHARD E. SHANDELL, Appellant, v MANUEL KATZ et al., Respondents. [629 NYS2d 437] —Order, Supreme Court, New York County (Burton Sherman, J.), entered September 18, 1993, which confirmed a Referee's report in part and disaffirmed the report in part, unanimously reversed, on the law, the Referee's report is confirmed, and the matter is remanded for the second stage of the bifurcated hearings, without costs.

On September 14, 1981, plaintiff voluntarily withdrew from a negligence law partnership that had a substantial number of cases taken on contingency in various stages of completion. The plaintiff took 14 cases with him on which, according to defendants, he later collected in excess of $1,600,000 in fees. The successor partnership, according to the accounting agreed upon by the parties, took 289 cases and recovered $9.6 million in fees. The only remaining issue of contention is the extent to which the parties are to share in contingency fees received after dissolution.

The former partnership operated pursuant to a one-page partnership agreement that is silent as to the treatment of these post-dissolution contingency fees. It was a partnership at will. Immediately following plaintiff's withdrawal from the firm, his former partners formed a new partnership and continued the business of the dissolved partnership. The Referee correctly found that the former partners had no right under the partnership agreement or the Partnership Law to form a new partnership to continue the business and that their duty was to wind up the affairs of the dissolved partnership, distribute its assets and account to each other.

The motion court applied the rule of *Aurnou v Greenspan* (161 AD2d 438), which held that a withdrawing partner in a law firm may only share in contingency fees collected after a partnership dissolution to the extent that he has participated in earning them by his actual services, on the theory of

*quantum meruit.* In *Aurnou,* the withdrawing partner had been appointed to fill a judicial vacancy and was thus ethically barred from performing work on the cases after dissolution. *Quantum meruit* was used as a measure of his work performed prior to dissolution. We decline to apply the *Aurnou* rule to this record, and limit it to its facts. A better rule and that followed in the other Departments of New York is that absent an agreement to the contrary, pending contingency fee cases of a dissolved partnership are assets subject to distribution. In *Dwyer v Nicholson* (193 AD2d 70, 73) the Second Department specifically declined to follow the *Aurnou* rule and stated that it appears to conflict with settled law under the Uniform Partnership Act, and has been specifically rejected in other states. (*See also, DelCasino v Koeppel,* 207 AD2d 374.)

Plaintiff must similarly account to his former partners on the partnership cases he took with him. This accounting is governed by Partnership Law § 73, which states in pertinent part: "When any partner retires or dies, and the business is continued * * * he or his legal representative as against such persons or partnership may have the value of his interest at the date of dissolution ascertained, and shall receive as an ordinary creditor an amount equal to the value of his interest in the dissolved partnership with interest, or, at his option or at the option of his legal representative, in lieu of interest, the profits attributable to the use of his right in the property of the dissolved partnership".

In the second stage of the bifurcated hearings, plaintiff must elect whether to take the value of each contingent fee case at the time of dissolution with interest, or his partnership interest in such fee without interest and with a deduction for overhead, subject to the rule of *Kirsch v Leventhal* (181 AD2d 222, 226), that where a successful settlement of a pending contingency fee case post-dissolution is due to a surviving partner's "postdissolution efforts, skill and diligence", the fee would not be " ' "attributable to the use of [plaintiff's] right in the property of the dissolved partnership." ' " Concur—Murphy, P. J., Sullivan, Rosenberger and Ross, JJ.