■ IRVING ABELOW et al., Appellants, v HAROLD GROSSMAN et al., Respondents. [647 NYS2d 484] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered November 9, 1994, which granted defendants' motion for acceptance of their final accounting, unanimously reversed, on the law, without costs, the accounting set aside, and the matter remanded for further proceedings. Appeal from order, same court and Justice, entered October 19, 1995, which directed that judgment be entered in favor of plaintiff corporation and against individual plaintiff in the amount of $604,520.43, in favor of individual defendant and against plaintiff corporation in the amount of $356,729.96, and in favor of defendant estate and against plaintiff corporation in the amount of $247,790.56, and severing and continuing for trial the issue of the value of the parties' pension trust, unanimously reversed, on the law, without costs, and the order vacated.

This dispute of over 20 years' duration involves the rights

and obligations of three physicians with regard to the income and expenses of their obstetrical/gynecological practice. This latest episode in the dispute arises from a 1982 order of this Court (*Abelow v Grossman*, 91 AD2d 553, *appeal dismissed* 58 NY2d 1112), which reversed and ordered a new trial on the basis that, *inter alia*, the trial court (Oliver Sutton, J.) erred in fixing the relative rights of the parties pursuant to partnership law rather than as equal shareholders in a professional corporation ("the PC"), and that such error tainted the accounting rendered by that court. By agreement of the parties, the new trial was had before a Special Referee whose key recommendation in his report was that "A full accounting should be had". The IAS Court, in its interim order entered April 16, 1993, confirmed the Referee's conclusions in relevant part, and ordered a new accounting, the defendants to account to Dr. Abelow. Upon submission of the accounting and plaintiffs' objections to it, the IAS Court denied all of the objections, holding that the defendants had complied with the interim order and awarding them judgment, despite the fact that, to a significant degree, the accounting failed to comply with this Court's 1982 decision, the Referee's report, or with the court's own interim order.

The IAS Court erred in summarily accepting in its entirety the accounting filed by defendants. The accounting raised numerous issues of fact with respect to the parties' ultimate monetary liabilities which must be resolved at a trial (*Abelow v Grossman*, *supra*; *Kaminsky v Kahn*, 23 AD2d 231, 241).

The fundamental flaw in the accounting was the failure to recognize Dr. Abelow's entitlement to a share of the withheld profits of the PC. During the period at issue, October 1, 1975 to December 31, 1980, the total amount of income earned by Drs. Diamond and Grossman, attributable to the PC, was $1,421,442.99; neither the accounting nor the court's order addressed Dr. Abelow's share of this fund, instead focusing on the $153,395.74, net of interest, allegedly owed by Dr. Abelow to the PC. This despite the fact that the thrust of the Referee's report, which the IAS Court confirmed in relevant part, was that Dr. Abelow was entitled to a one-third share of the corporate profits during the period of the joint venture and a one-half share thereafter. The necessary step of comparing the amount wrongfully withheld from Dr. Abelow to the amounts that Dr. Abelow wrongfully withheld from the corporation and determining who was ultimately indebted to whom was never undertaken by the accountants or the court. The IAS Court, in effect, directed defendants to account to Dr. Abelow for such

monies but did not require that he be paid any of it. Defendants' argument that it is unfair that Dr. Abelow share in corporate profits earned after his disability, since he is not obliged to share his separate earnings with them, ignores the point that the profits derive from services provided through the medical practice/joint venture between Dr. Diamond and the PC, whereas Dr. Abelow was not acting within said practice when he obtained his separate earnings. It also ignores the point that Dr. Abelow was held liable for a share of the PC's operating expenses, whereas defendants were not held liable for Dr. Abelow's separately incurred operating expenses.

Aside from the error cited above, the accounting raised a number of other material questions of fact that militate against the IAS Court's entry of judgment as a matter of law, including whether the accounting properly credited Dr. Abelow for unpaid salary in light of Dr. Abelow's wrongful appropriation of $50,497 from the corporate account and unstated assumptions regarding the court's calculation of payroll-related costs. Also, since the IAS Court made no findings of fact independent of the accountants, there is no indication as to the basis for certain assumptions made in the accounting in circumstances where necessary books and records were allegedly unavailable; it appears that some assumptions were inappropriately made against Dr. Abelow by the accountants on the basis that he was allegedly to blame for the loss of documents. Concur— Rosenberger, J. P., Wallach, Williams and Mazzarelli, JJ.