■ JOSEPH B. McDONALD, Appellant, v PETER D. FENZEL et al., Respondents. [650 NYS2d 9] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered January 22, 1996, which, *inter alia*, accepted and confirmed an accrual accounting of defendant partnership filed by defendants, overruled and disallowed all of plaintiff's objections without a hearing, and dismissed plaintiff's complaint, is unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, the order is vacated, the motion to confirm the account is denied, plaintiff's complaint is reinstated and the matter is remanded for further proceedings before a different Justice.

This action concerns the dissolution of a law partnership which handled admiralty and transportation matters, the majority on a contingency basis. Plaintiff terminated the two-man practice by voluntary withdrawal pursuant to a letter dated June 10, 1993. The parties agreed that an accounting should be held and in a decision and order entered February 13, 1996, this Court affirmed the IAS Court and held that absent a provision in the parties' agreement specifying the method of accounting, the accrual method is to be used (*see, McDonald v Fenzel*, 224 AD2d 261).

In February 1995, defendant provided an accrual accounting, to which plaintiff submitted numerous objections. After motion practice, Justice Miller, in a short-form order, found

plaintiff's objections to be "either in error or de minimis" and "frequently not in accord with Generally Accepted Accounting Principles" and concluded that it was "time this dispute was put to bed." In a separate short-form order, Justice Miller denied the appointment of a Referee and ordered defendants to pay plaintiff $14,927, plus interest. Plaintiff appeals and we reverse.

Initially, the IAS Court erred when it, without a hearing, summarily accepted the accounting filed by the defendants despite the numerous issues of fact raised by plaintiff, which warranted an opportunity to present evidence to establish the parties' respective rights (*Abelow v Grossman*, 230 AD2d 693; *Kaminsky v Kahn*, 23 AD2d 231, 241; *see also*, *Berkovits v Hanley*, 40 AD2d 921, 922). Indeed, whether plaintiff's share was properly determined pursuant to the application of generally accepted accounting principles in itself raises questions of fact requiring a hearing (*Kocan v Ismach*, 196 AD2d 740; *Teich v Andersen & Co.*, 24 AD2d 749).

Further, plaintiff's most substantial objection, that defendants did not account for contingency fees, raises a meritorious claim. In *Shandell v Katz* (217 AD2d 472, 473), we adopted the rule followed in the other departments in New York "that absent an agreement to the contrary, pending contingency fee cases of a dissolved partnership are assets subject to distribution" (*see*, *Dwyer v Nicholson*, 193 AD2d 70, 73; *DelCasino v Koeppel*, 207 AD2d 374). In the matter at bar, there is no agreement to the contrary and there are 293 contingency cases, which will almost certainly lead to additional objections. In addition, a recent Court of Appeals ruling found that the "goodwill" of a law firm is also subject to valuation as a distributable asset after dissolution in certain cases (*see*, *Dawson v White & Case*, 88 NY2d 666). Concur—Murphy, P. J., Milonas, Williams, Tom and Andrias, JJ.