■ PATRICIA A. GRANT, Respondent-Appellant, v JULIA P. HEIT, Appellant-Respondent. [693 NYS2d 564] —Judgment, Supreme Court, New York County (Edward Lehner, J.), entered June 25, 1998, awarding plaintiff the principal sum of $38,291.09, unanimously affirmed, without costs; the underlying order of the same court and Justice, entered on or about June 25, 1998, *inter alia,* directing the relief awarded in the aforesaid judgment, unanimously modified, on the law, to the extent of vacating those portions of the order ascribing values to the *Witt* and *Schaertel* contingent fee malpractice cases and vacating the awards made to the parties with respect to those two cases, and the matter is remanded for new findings as to the numerical value of the *Witt* and *Schaertel* cases consistent with this Court's decision in *Shandell v Katz* (217 AD2d 472), and otherwise affirmed, without costs. Order, same court and Justice, entered on or about August 7, 1998, denying defendant's motion for reargument, unanimously dismissed, without costs, as taken from a nonappealable order.

Consistent with our holding in *Shandell (supra),* and absent an agreement to the contrary, pending contingency fee cases of a dissolved partnership are assets subject to distribution. Although the Special Referee properly found that fees relating to the *Witt* and *Schaertel* cases were partnership assets, and are to be distributed as such between the parties, the Referee nevertheless failed to establish dissolution date values for those cases. In this regard, we reject the conclusion that settlement

value is tantamount to the value to be ascribed to these cases. Rather, the Referee must evaluate the efforts undertaken by the former law firm prior to dissolution date, or any other relevant evidence to form a conclusion as to the value of these cases to the law firm on the dissolution date (*see*, *Kirsch v Leventhal*, 181 AD2d 222).

Because the Special Referee did hear evidence to enable him properly to affix a dissolution value in the *Pons-Gala* contingent fee case as well as to determine the parties' respective shares in all three cases, and because his findings are in these connections "substantially supported by the record" (*Barr v Barr*, 232 AD2d 316), we leave these findings undisturbed.

We have considered the parties' remaining arguments for affirmative relief and find them unavailing.

Motion and cross-motion for reargument and clarification granted, and upon reargument, the unpublished decision and order of this Court entered on February 25, 1999 (Appeal Nos. 358-359) recalled and vacated and a new decision and order substituted therefor. Motion to strike reply affirmation and for other relief denied. Concur—Sullivan, J. P., Nardelli, Tom and Wallach, JJ.