■ ROBERT S. GOTTLIEB, Respondent-Appellant, v MICHAEL J. GRECO et al., Appellants-Respondents. [749 NYS2d 19] —Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about January 17, 2002, which, in an action between former law partners for an accounting, granted plaintiff's motion for partial summary judgment to the extent of ruling that contingency fee cases taken over by plaintiff upon the firm's dissolution are to be valued at the date of dissolution, with interest, or, at defendant's election, in lieu of interest, the profits attributable to the use of defendant's right in the property of the dissolved firm in accordance with Partnership Law § 73, and denied plaintiff's motion insofar as it sought a ruling that the dissolution clause of the parties' partnership agreement is void as against public policy, unanimously affirmed, without costs.

The challenged ruling follows settled precedent in this

Department that absent an agreement to the contrary, pending contingency fee cases of a dissolved law partnership are assets subject to distribution to be valued as of the date of dissolution, with interest (*Shandell v Katz*, 217 AD2d 472, 473, citing *Kirsch v Leventhal*, 181 AD2d 222, 226). We reject defendant's argument that the parties' partnership agreement provides otherwise, reflecting an intention to divide equally whatever fees are ultimately realized. The pertinent section provides, in its first paragraph, that upon dissolution, "an attempt will be made to assign the cases to the partners on a fifty-fifty basis as to value," indicating a clear intention to divide pending cases on the basis of their value. The second paragraph of the section then states that if the parties cannot "split these cases on a fifty-fifty basis voluntarily," then "the cases shall be numbered and placed in a hat and the partners shall select them alternatively at random, [t]he intention [being] to share all legal fees equally, if possible. However, prior to placing the cases for such selection, the partner can pre-select a case which he brought into the partnership and the other partner may then select a case of estimated equal value." We are mindful of a client's fundamental right to choose his or her own attorney and are dismayed by the thought of attorneys picking cases out of a hat. However, like the motion court, we are satisfied that the agreement, as a whole, reflects an intention to divide fees, not clients, and, as such, does not raise any public policy issues and is to be enforced in accordance with the above precedents. Concur—Tom, J.P., Saxe, Rosenberger and Lerner, JJ.