■  JAMIE MENKES et al., Plaintiffs, v ANN L. WEISSMAN et al., Defendants. PEGALIS & ERICKSON, P.C., Nonparty Respondent; HARVEY F. WACHSMAN, Nonparty Appellant. [753 NYS2d 99] —In an action to recover damages for medical malpractice, nonparty Harvey Wachsman appeals from so much of an order of the Supreme Court, Nassau County (Winslow, J.), dated July 25, 2001, as granted the motion of nonparty Pegalis & Erickson, LLC, to have the court allocate the attorney's fee concerning this action between Pegalis & Erickson, LLC, and Pegalis, Wachsman & Erickson, P.C., granted that branch of the separate motion of the nonparty Pegalis & Erickson which was to stay arbitration of the allocation of the attorney's fee concerning this action between Pegalis and Erickson, LLC, and Pegalis, Wachsman & Erickson, P.C., and denied his cross application to stay proceedings to allocate the attorney's fee in the Supreme Court on the ground that the issue was subject to arbitration.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion to allocate the attorney's fee in the Supreme Court and that branch of the separate motion which was to stay arbitration of the allocation of the attorney's fee concerning this action are denied, and the cross application is granted.

Harvey Wachsman and Steven Pegalis were formerly the sole shareholders in the law firm Pegalis, Wachsman & Erickson, P.C. (hereinafter PWE). The shareholders' agreement provided that, in the event the firm dissolved, the division of corporate assets would be determined by an arbitrator. As the result of a court order, PWE was dissolved effective January 15, 2001. Steven Pegalis formed a new law firm with Steven Erickson, called Pegalis & Erickson, LLC (hereinafter P&E). The plaintiffs in the instant personal injury action were

originally clients of PWE, and were represented by P&E after PWE dissolved. P&E ultimately settled the action, and the settlement included an attorney's fee in the sum of $750,000. P&E moved in the action to allocate that fee between it and PWE, and separately moved, *inter alia*, to stay arbitration of the allocation of that fee. Wachsman opposed and made a cross application to stay proceedings to allocate the attorney's fee in the Supreme Court, arguing that the issue should be arbitrated pursuant to the PWE shareholders' agreement. We agree.

"Absent agreement, both parties are entitled to recover their share of the fees that the corporation earns from pending contingency fee cases" (*DelCasino v Koeppel,* 207 AD2d 374). The PWE shareholders' agreement provided for arbitration of a division of the assets upon dissolution, and did not specifically exclude pending contingency fee cases. Thus, the Supreme Court erred in determining that it should allocate the fee between P&E and PWE. Contrary to the contention of P&E, it was not necessary for Wachsman to prove that P&E was the "alter ego" of PWE in order to enforce his right to arbitration. Based on the shareholders' agreement, Pegalis was personally bound to submit to arbitration the issues of the value of the action at bar to PWE at the time of dissolution and the value of his and Wachsman's respective shares of that asset (*cf. Grant v Heit,* 263 AD2d 388).

In view of our determination, we do not reach the parties' remaining contentions. Feuerstein, J.P., O'Brien, Luciano and Schmidt, JJ., concur.