■ YALE M. MUROV, Respondent, v PAUL R. ADES, Appellant, et al., Defendants. [786 NYS2d 79]—

In an action, inter alia, for an accounting, the defendant appeals, as limited by his brief, from so much of an interlocutory judgment of the Supreme Court, Nassau County (Palmieri, J.), dated March 10, 2003, as, after a nonjury trial, determined that certain pending contingent fees obtained by the partnership prior to the date of its dissolution were assets thereof and directed an accounting.

Ordered that the interlocutory judgment is affirmed insofar as appealed from, with costs.

In 1976 the plaintiff and the defendant Paul R. Ades (hereinafter the defendant), formed a law firm as equal partners. There was no written partnership agreement. At that time, the defendant brought to the new firm, inter alia, a number of collection cases he was handling on behalf of General Motors Acceptance Corporation (hereinafter GMAC). The GMAC cases were handled on a contingent fee basis, calculated as a percentage of the amount actually collected on each judgment obtained. The firm continued to represent GMAC in similar cases from 1976 until 2000.

In March 2000 the parties agreed to dissolve the partnership, and, with the plaintiff's consent, the defendant took with him all of the then-pending GMAC cases in which judgment had been entered but no amounts had yet been collected. The parties never agreed on the distribution of any post-dissolution fees generated as a result of collections on these judgments.

In January 2001 the plaintiff commenced this action seeking an accounting of all postdissolution fees collected on the GMAC judgments. After a nonjury trial, the Supreme Court found that the GMAC judgments were partnership property subject to distribution and ordered an accounting by a referee. We affirm.

In the absence of an agreement to the contrary, pending contingency fee cases of a dissolved partnership are assets subject to distribution (see Partnership Law § 71; *Liddle, Robinson & Shoemaker v Shoemaker,* 309 AD2d 688, 692 [2003]; *Gottlieb v Greco,* 298 AD2d 300, 300-301 [2002]; *McDonald v Fenzel,* 233 AD2d 219, 220 [1996]; *Shandell v Katz,* 217 AD2d 472, 473 [1995]; *Dwyer v Nicholson,* 193 AD2d 70, 73 [1993]). The GMAC cases were handled by the dissolved firm on a contingent fee basis, and are therefore partnership property subject to distribution. That is not to say, however, that the full

fees ultimately received as a result of collections on these judgments must be remitted to the dissolved firm.

When a departing partner takes a contingent fee case and subsequently litigates it to settlement, "the dissolved firm is entitled only to the value of the case at the date of dissolution, with interest," or, "[s]tated conversely, the lawyer must remit to his former firm the settlement value, less that amount attributable to the lawyer's efforts after the firm's dissolution" (*Santalucia v Sebright Transp., Inc.*, 232 F3d 293, 298 [2d Cir 2000]; *see Kirsch v Leventhal*, 181 AD2d 222, 226 [1992]). Similarly, in this case, the value to the firm of the uncollected GMAC judgments at dissolution must be calculated as the amounts ultimately collected, less the value of any postdissolution efforts expended by the defendant. Thus, the Supreme Court properly ordered an accounting by a referee to determine compensation to each of the former partners, and the referee, in determining the sums subject to allocation, must deduct the amounts attributable to the defendant's post-dissolution efforts, skill, and diligence (*see Kirsch v Leventhal, supra* at 226).

The defendant's remaining contention is without merit. Florio, J.P., Mastro, Rivera and Fisher, JJ., concur.