■ GARDINER INTERNATIONAL, INC., et al., Appellants, v J.W. TOWNSEND & ASSOCIATES, INC., et al., Respondents. [788 NYS2d 312]—

Order, Supreme Court, New York County (Louis B. York, J.), entered March 1, 2004, which denied plaintiffs' motion for summary judgment and granted defendants' cross motion for summary judgment, unanimously modified, on the law, defendants' motion for summary judgment denied, the complaint reinstated, and otherwise affirmed, without costs.

This appeal involves the question of whether the parties' partnership agreement was breached when plaintiffs allegedly withdrew from the partnership prior to the agreed termination date.

In 1997, the parties executed a written agreement forming an executive search partnership. This agreement was amended in 2001 to provide for dissolution of the partnership on September 30, 2002. The amended agreement set forth the allocation of income and expenses through the termination period. The parties also agreed to continue to work together on various searches.

On June 13, 2002, plaintiffs sent defendants a letter withdrawing from the partnership and declaring the partnership dissolved. This letter stated that defendants had breached the amended partnership agreement by ceasing to participate in searches. Defendants claim that they initiated a search at approximately this time, but could not with certainty state the date it was commenced—a search that ultimately placed several individuals in the financial services industry. Plaintiffs thereafter claimed a portion of the fee received by defendants for this placement pursuant to the terms of the amended partnership

agreement. Defendants insist that the June 13, 2002 letter constituted a repudiation and breach of the partnership agreement, and that hence, plaintiffs were not entitled to any portion of the fee. Plaintiffs commenced this action to recover a portion of those fees. Defendants raised the affirmative defense that the breach of contract claim was barred by an anticipatory breach by plaintiffs. Both sides moved for summary judgment. The IAS court granted summary judgment to defendants, finding that the letter constituted an anticipatory breach of the partnership agreement. This appeal ensued.

A partnership dissolves when there is a change in the relationship between the partners caused by one partner who no longer associates with the purposes of the partnership (Partnership Law § 60). Where a partnership agreement provides for a finite duration, the partnership may be dissolved at any time by any partner. However, it renders a partner who breaches the agreement subject to a claim for damages for breach of contract by a partner who does not wrongfully cause the dissolution (*Napoli v Domnitch*, 18 AD2d 707 [1962], *affd* 14 NY2d 508 [1964]).

Here, the parties agreed in March 2001 to dissolve the partnership on September 30, 2002. The agreement further provided that the parties would continue to work together on various searches, it set forth a payment schedule for those searches, and it contained a formula for dissolution and a definite termination date. It did not contemplate the withdrawal of one party prior to September 30, 2002. Thus, plaintiffs' claim that they could rightfully withdraw from the partnership without liability prior to September 30, 2002 is without merit.

Nor is there merit to plaintiffs' claims that a partnership agreement cannot be anticipatorily breached. Anticipatory breach is applicable to bilateral contracts which contemplate some future performance by the nonbreaching party (*American List Corp. v U.S. News & World Report*, 75 NY2d 38 [1989]). Significantly, plaintiffs' June 13, 2002 letter indicated that the purpose of the amended agreement was frustrated when defendants failed to continue to participate in various searches. A party repudiates a contract where, before the time of performance arrives, that party divests itself of the ability to act in accordance with the terms of the contact (*Computer Possibilities Unlimited, Inc. v Mobil Oil Corp.*, 301 AD2d 70 [2002], *lv denied* 100 NY2d 504 [2003]). These conflicting allegations raise questions of fact as to whether plaintiffs repudiated the contract by seeking to withdraw prematurely or whether the purpose of the partnership was frustrated by defendants' failure to comply

with the obligation to participate in various searches. Concur—Tom, J.P., Saxe, Lerner, Marlow and Sweeny, JJ.