■ HENRY N. CONOLLY, Respondent-Appellant, v DALE M. THUILLEZ et al., Appellants-Respondents. [810 NYS2d 239]—

Rose, J. Cross appeals from an order of the Supreme Court (Benza, J.), entered January 26, 2005 in Albany County, which, inter alia, partially granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for partial summary judgment dismissing certain affirmative defenses.

Plaintiff was a partner of Thuillez, Ford, Gold & Conolly, LLP (hereinafter TFGC), a law partnership formed in 1995 without the benefit of a written agreement. On May 15, 1997, plaintiff was appointed to a full-time, policymaking position as Executive Director of the State Insurance Fund (hereinafter SIF), again without entering into any written agreement describing the effect of his new employment on the partnership. Plaintiff remained employed in the SIF position for four years when he learned that defendants, the partners of the successor firm of Thuillez, Ford, Gold & Johnson, LLP, had received a multimillion dollar contingency fee for work involving tobacco litigation on behalf of New York and they did not intend to share it with him.

Alleging that he did not withdraw from TFGC and continues to have an equity interest in it, plaintiff commenced this action seeking judicial dissolution and, upon an accounting, payment for his share of TFGC's assets. Following limited discovery, defendants moved for summary judgment dismissing the complaint on the grounds that plaintiff had withdrawn from TFGC on May 15, 1997 and agreed to accept $150,000 as full compensation for his partnership interest along with certain sums paid for completion of agreed-upon work in progress. In the alternative, they sought a declaration excluding the tobacco litigation fee from TFGC's assets for purposes of determining the value of plaintiff's interest. Plaintiff opposed defendants' motion and cross-moved for partial summary judgment. Supreme Court granted defendants' motion only to the extent of determining that plaintiff resigned from the partnership as of

May 15, 1997, causing its dissolution at that time, and found questions of fact as to the existence of a buyout agreement and whether the tobacco litigation was pending when TFGC dissolved. Supreme Court also denied plaintiff's cross motion. Defendants appeal and plaintiff cross-appeals.

Initially, we find plaintiff's self-serving assertion that he never withdrew from TFGC insufficient to create a question of fact because it contradicts his prior sworn statements and other documentary evidence (*see Cole v Rothe*, 18 AD3d 1058, 1059 [2005]; *Daisernia v Thomas*, 12 AD3d 998, 999 [2004]; *Benamati v McSkimming*, 8 AD3d 815, 817 [2004]; *Campagnano v Highgate Manor of Rensselaer*, 299 AD2d 714, 715 [2002]). As required by his SIF employment, plaintiff filed an annual statement of financial disclosure with the State Ethics Commission for 1997 and 1998. In those sworn forms, plaintiff stated that he resigned from TFGC in May 1997. Plaintiff's resume states that his relationship with TFGC ended in 1997 and letters to its clients advised of his resignation in that year.

Further, there is no dispute that plaintiff's name was removed from the firm's name soon after May 15, 1997 and the affidavit of defendant Dale M. Thuillez, TFGC's managing partner, states that plaintiff resigned on that date. In the absence of a partnership agreement or other writing to the contrary, we agree with Supreme Court that the circumstances of plaintiff's full-time employment with SIF and his limited work winding up a few pending cases reflect an express withdrawal from TFGC on May 15, 1997, and effected its dissolution by operation of law (*see* Partnership Law § 60; *Gardiner Intl., Inc. v J.W. Townsend & Assoc., Inc.*, 13 AD3d 246, 247 [2004]; *Aaron v Aaron*, 2 AD3d 942, 944 [2003]; *Morris v Crawford*, 304 AD2d 1018, 1019-1020 [2003]).

We also agree with Supreme Court's determination that there are questions of fact as to the existence of a buyout agreement and, more importantly, the satisfaction in full of plaintiff's partnership interest. On the one hand, the deposition testimony and affidavits of Thuillez attest to plaintiff's oral agreement to a buyout of his interest for $150,000 to be paid over time, that plaintiff accepted checks totaling that amount and that he claimed no further interest in TFGC's assets until its receipt of the tobacco litigation fee. On the other hand, in his affidavit and deposition testimony, plaintiff avers that he never agreed to accept $150,000 as full payment of his interest, and he points out that the April 2000 Thuillez letter memorializing TFGC's payments to plaintiff of $150,000 does not state that such payments fulfilled its financial obligations to him or otherwise gave rise to an accord and satisfaction.

Next, while contingency fee cases pending on the date of a partnership's dissolution are assets subject to distribution when there is no written agreement to the contrary (*see McDonald v Fenzel*, 233 AD2d 219, 220 [1996]; *Shandell v Katz*, 217 AD2d 472, 473 [1995]; *Kirsch v Leventhal*, 181 AD2d 222, 225 [1992]), the state tobacco litigation simply cannot be characterized as pending or unfinished business of the firm on May 15, 1997, the date when TFGC was dissolved. Although plaintiff contends that the issue was premature due to limited discovery, we are not persuaded since he failed to identify to Supreme Court any specific documentary or testimonial evidence in defendants' possession that was necessary for him to oppose the motion (*see e.g. Steinborn v Himmel*, 9 AD3d 531, 535 [2004]). Thus, Supreme Court did not err in considering whether the fee earned by defendants from the tobacco litigation is an asset in which plaintiff has an interest. However, because the undisputed evidence indicates that defendants were no more than one of many applicants for the work as of the date of dissolution and not retained until September 1997, plaintiff failed to raise a question of fact as to whether that litigation was one of TFGC's pending cases and his claim to that fee should have been dismissed.

To the extent that plaintiff argues that the decision by TFGC's partners prior to May 15, 1997 to pursue retention as counsel for the state in the tobacco litigation was itself an asset upon TFGC's dissolution, we view his failure to disclose any financial interest in defendants' ongoing contract with the state for legal services as signifying that either he had no such interest or he misrepresented it. In any event, plaintiff offered no evidence whatsoever of an agreement that he would be separately compensated for his limited efforts to secure the state as a client and, in the absence thereof, such efforts do not entitle him to any special compensation (*see Harold J. Rosen Trust v Rosen*, 53 AD2d 342, 350 [1976]).

Crew III, J.P., Peters, Mugglin and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of defendants' motion dismissing plaintiff's claim seeking an interest in the tobacco litigation; motion granted to that extent and said claim dismissed; and, as so modified, affirmed. [*See* 6 Misc 3d 1007(A), 2005 NY Slip Op 50003(U) (2005).]