■ Margery Wiesenthal, Respondent, v Jerome M. Wiesenthal et al., Appellants. [860 NYS2d 187]—

In an action, inter alia, for an accounting, the defendants appeal (1) from so much of an order of the Supreme Court, Westchester County (Murphy, J.), entered October 4, 2006, as granted that branch of the plaintiff's motion which was to compel them to make a supplemental accounting in accordance with generally accepted accounting principles utilizing the accrual method, and (2) from so much of an order of the same court (Rudolph, J.), entered February 26, 2007, as denied that branch of their motion which was for leave to renew their opposition to that branch of the plaintiff's motion which was to compel them to make such a supplemental accounting.

Ordered that the order entered October 4, 2006 is modified, on the facts, by deleting the provision thereof compelling the defendants to utilize the accrual method; as so modified, the order entered October 4, 2006 is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order entered February 26, 2007 is affirmed insofar as appealed from, without costs or disbursements.

Under the circumstances of this case, the Supreme Court properly directed the defendants to make a supplemental accounting, and provide it to the plaintiff, in accordance with generally accepted accounting principles (see generally McDonald v Fenzel, 233 AD2d 219, 220 [1996]). However, there was no basis for including a direction that the supplemental accounting be made using the accrual method. The plaintiff acknowledged at oral argument that no request was ever made by the plaintiff that the accrual method be used. The partnership maintained its books and records on a cash basis, the plaintiff conducted discovery, and there are no unaccounted-for fees (see Margolin v Margolin Lowenstein & Co., LLP, 14 Misc 3d 1226[A], 2007 NY Slip Op 50182[U] [2007]; cf. Jackson v Hunt, Hill & Betts, 7 NY2d 180 [1959]; McDonald v Fenzel, 224 AD2d 261 [1996]).

The Supreme Court providently exercised its discretion in denying that branch of the defendants' motion which was for leave to renew their opposition to that branch of the plaintiff's prior motion which was to compel them to make a supplemental accounting (see CPLR 2221 [e]).

The defendant's remaining contentions need not be reached in light of our determination. Spolzino, J.P., Santucci, Angiolillo and Carni, JJ., concur.