■ Amnon Shiboleth et al., Respondents, v Joseph Yerush-almi et al., Appellants, et al., Defendants. [873 NYS2d 2]—

Judgment, Supreme Court, New York County (Lancelot B. Hewitt, Special Ref.), entered March 7, 2007, in a partnership accounting for a two-person law firm, awarding plaintiffs various items of damages, unanimously modified, on the law and the facts, to vacate the awards of damages, the matter remanded to the Special Referee to apportion the value of the NSN contingency fee and the Phoenix Group fee in a manner consistent with *Shandell v Katz* (217 AD2d 472 [1995]), together with a recalculation of interest based on such reapportionment, and otherwise affirmed, without costs.

The NSN matter, which was in progress at the time of the firm's dissolution, involved a representation on a contingent basis in a Delaware lawsuit that eventually settled for $6,450,855.16. Defendants correctly assert that in apportioning the fee, the Special Referee improperly applied the formula set forth in the retainer agreement between NSN and the firm, splitting the fee in proportion to his reckoning of pre- and post-dissolution hours, rather than in accordance with *Shandell v Katz (supra)* (*see also Liddle, Robinson & Shoemaker v Shoemaker*, 12 AD3d 282 [2004]). Although local counsel may have tried the case, it appears that the individual defendant had a significant managerial role, was the point person for client communications, and brokered the settlement in a case that was initially thought to have little value. His contributions cannot be valued in the simplistic manner used by plaintiffs' expert and adopted by the Special Referee. Furthermore, the value of a contingency fee case is not its settlement value; rather, "the Referee must evaluate the efforts undertaken by the former law firm prior to [the] dissolution date, or any other relevant evidence to form a conclusion as to the value of these cases to the law firm on the dissolution date" (*see Grant v Heit*, 263 AD2d 388, 389 [1999], *lv dismissed* 93 NY2d 1040 [1999]). Accordingly, we remand for the purpose of apportioning this contingency fee consistent with *Shandell v Katz*. For similar reasons, we also remand the Phoenix Group matter for a reapportionment of the fee. Here, the evidence shows that at the time of dissolution a fee of at least $1 million was owed the firm for work performed on an hourly basis but was largely uncollectible because Phoenix was insolvent and had no assets; however, some years after the dissolution, owing entirely to defendants' efforts, a payment was made that, after collection fees, amounted to approximately $901,000. On remand, there should be explicit fact-finding as to whether the Phoenix Group receivable was reduced on account of amounts defendants had allegedly collected from Phoenix's third-party creditors. We have considered and rejected defendants' other arguments. No basis exists to disturb the Special Referee's findings crediting plaintiffs' accountant over defendants' (*see Morris v Crawford*, 304 AD2d 1018, 1022 [2003]), and finding that the former's report fully accounted for the firm's assets. It was also a proper exercise of discretion to award plaintiffs prejudgment interest (*see id.* at 1022-1023; *Sexter v Kimmelman, Sexter, Warmflash & Leitner*, 43 AD3d 790, 795 [2007]), and, under the circumstances, to make such award run from the date of dissolution. Concur—Lippman, P.J., Mazzarelli, Sweeny, DeGrasse and Freedman, JJ.