■ AMNON SHIBOLETH et al., Respondents, v JOSEPH YERUSH-ALMI et al., Appellants, et al., Defendants. [39 NYS3d 765]—

Order, Supreme Court, New York County (Lancelot B. Hewitt, Special Ref.), entered August 13, 2014, which granted plaintiffs' motion to set aside an order, same court and Special

Referee, entered August 29, 2013, adopted new factual findings and, consistent with those findings, directed the Clerk to enter judgment in favor of plaintiffs against defendants Joseph Yerushalmi and Yerushalmi & Associates, LLP (together the Yerushalmi defendants), jointly and severally, in the amount of $850,582, plus interest, costs and disbursements, and directed the Clerk to enter judgment in favor of the Yerushalmi defendants against plaintiffs, jointly and severally, in the amount of $50,750, plus interest, costs, and disbursements, unanimously modified, on the law and the facts, to strike the direction that the Clerk enter judgment, and remand the matter to the Special Referee to apportion the Phoenix Group fee in accordance with this decision, and otherwise affirmed, without costs.

A fair interpretation of the evidence supports the Special Referee's finding of fact that the $901,332 payment from the National Kibbutz Movement (NKM) was in partial satisfaction of the fee owed by the Phoenix Group to plaintiff law firm based on work performed before the dissolution of the firm. However, the Special Referee, in reapportioning the Phoenix fee, failed to take into consideration the fact, as established by the evidence, that the $901,332 payment, as well as a payment to the firm of $197,238, was obtained owing entirely to the Yerushalmi defendants' postdissolution efforts to recover monies owed to the firm that would otherwise not have been recovered (*see Shiboleth v Yerushalmi*, 58 AD3d 407, 408 [1st Dept 2009]). Accordingly, the matter is remanded to apportion the value of the Phoenix fee based upon equitable considerations that take into account the Yerushalmi defendants' efforts. We have considered the Yerushalmi defendants' remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Richter, Manzanet-Daniels and Webber, JJ.