Bernstein Liebhard LLP v Sentinel Ins. Co., Ltd. (2018 NY Slip Op 04842)





Bernstein Liebhard LLP v Sentinel Ins. Co., Ltd.


2018 NY Slip Op 04842


Decided on June 28, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2018

Friedman, J.P., Tom, Mazzarelli, Singh, JJ.


7012 652726/15

[*1]Bernstein Liebhard LLP, Plaintiff-Respondent,
v
Sentinel Insurance Company, Limited, Defendant-Appellant.


Robinson & Cole LLP, New York (Gerald P. Dwyer, Jr. Of counsel), for appellant.
Lerner, Arnold & Winston, LLP, New York (Jonathan C. Lerner of counsel), for respondent.



Order, Supreme Court, New York County (Andrea Masley, J.), entered January 30, 2018, which granted plaintiff's motion for summary judgment dismissing the seventh affirmative defense, and denied defendant's cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, plaintiff's motion denied, and defendant's cross motion granted. The Clerk is directed to enter judgment accordingly.
After a fire damaged plaintiff law firm's office, it commenced this action to recover under the loss of business income provision of an insurance policy issued to it by defendant. Plaintiff sought coverage for contingency fees it claims it would have otherwise received in cases that it did not acquire because of a suspension of advertising allegedly due to the fire.
The policy broadly covered physical loss and damage to property resulting from covered causes of loss, with certain exclusions and exceptions. The plain language of the lost business income provision at issue additionally provided coverage for any resulting "actual loss" of business income due to the necessary suspension of operations as a result of a covered cause of loss and that would have been "earned" during the 12 months after the fire (see High Country Arts & Crafts Guild v Hartford Fire Ins. Co., 126 F3d 629, 632 [4th Cir 1997]). The parties agree that "earned" means "become entitled to."
The entire fee amounts that eventually result from settlements and judgments in cases foregone by plaintiff would not have been "earned" by plaintiff at the time, within the 12-month cutoff after the fire (see In re Thelen LLP, 24 NY3d 16, 28 [2014]; Matter of Cohen v Grainger, Tesoriero & Bell, 81 NY2d 655, 658 [1993]; Shandell v Katz, 217 AD2d 472, 473 [1st Dept 1995]). Lost fees from prospective clients that plaintiff law firm had to forego, but which would have resulted from work performed after the 12-month cutoff, are not covered by the policy. Rather, the lost business income provision here covers fees that, if not for the suspension of advertising due to the fire, plaintiff law firm would have earned for services actually performed for such new clients within 12 months of the fire or from such new cases that resolved within 12 months of the fire (compare National Union Fire Ins. Co. of Pittsburgh, Pa. v TransCanada Energy USA, Inc., 52 Misc 3d 455 [Sup Ct, NY County 2016], affd 153 AD3d 1153 [1st Dept 2017]). Although plaintiff would have theoretically been entitled to coverage for such fees for [*2]services performed within 12 months of the fire or from such cases resolved within 12 months of the fire, plaintiff has acknowledged that the claim was not presented in such a manner and it pursues no such claim in its brief.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 28, 2018
CLERK