Shiboleth v Yerushalmi (2018 NY Slip Op 07185)





Shiboleth v Yerushalmi


2018 NY Slip Op 07185


Decided on October 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 25, 2018

Friedman, J.P., Kapnick, Webber, Oing, Moulton, JJ.


7466 600350/98

[*1]Amnon Shiboleth, et al., Plaintiffs-Respondents,
v
Joseph Yerushalmi, et al., Defendants-Appellants, N.S.N. International Industries, et al., Defendants.


Meltzer, Lippe, Goldstein & Breitstone, LLP, West Islip (Thomas J. McGowan of counsel), for appellants.
Tarter Krinsky & Drogin LLP, New York (Richard A. Williamson of counsel), for respondents.



Order, Supreme Court, New York County (Lancelot B. Hewitt, Special Referee), entered December 11, 2017, which awarded $830,532 of the Phoenix fee to plaintiff Yerushalmi, Shiboleth, Yisraeli & Roberts, LLP (YSYR) and $70,750 to defendant Joseph Yerushalmi, unanimously reversed, on the facts and in the exercise of discretion, with costs, and Yerushalmi awarded $126,664.35 and YSYR $774,667.65. The Clerk is directed to enter judgment accordingly.
In the previous appeal, we found that, in reapportioning the Phoenix fee, the Special Referee failed to take into consideration the fact that the payment to YSYR of $901,332, as well as a payment of $197,238, was obtained "owing entirely to the Yerushalmi defendants' postdissolution efforts to recover monies owed to the firm that would otherwise not have been recovered" (Shiboleth v Yerushalmi, 143 AD3d 607, 608 [1st Dept 2016] ["Shiboleth II"). We instructed the Special Referee to reapportion the Phoenix fee "based upon equitable considerations that take into account the Yerushalmi defendants' efforts" (id.). On remand, in the order appealed from, while the Special Referee made mention of "equitable considerations regarding the post-dissolution efforts undertaken by the Yerushalmi defendants[]" he did not explain why this factor was worth $20,000.
Instead of remanding for a third time (see Shiboleth v Yerushalmi, 58 AD3d 407 [1st Dept 2009]; Shiboleth II, 143 AD3d at 608) in this action commenced 20 years ago, we will reapportion the Phoenix fee ourselves; the record is sufficient to permit this. Plaintiffs concede that $126,664.35 gives Yerushalmi credit for each entry in the invoices in the record that is even conceivably related to his collection efforts. We find that this adequately takes into account the relevant equitable considerations.
The Yerushalmi defendants' contention that they are entitled to 100% of the Phoenix fee due to their collection efforts is unavailing. They made the same argument in Shiboleth II, and [*2]we did not accept it (see 143 AD3d at 608 ["We have considered the Yerushalmi defendants' remaining arguments and find them unavailing"]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 25, 2018
CLERK