■ ARLENE LANIN, Respondent-Appellant, v THURCON PROPERTIES, LTD., et al., Appellants-Respondents. [602 NYS2d 388] — Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered on November 21, 1991, in favor of plaintiff and against defendants, in the sum of $64,824.45, is unanimously modified, on the law and the facts, and in the exercise of discretion, to delete the sum of $7,500 with interest thereon, representing the recovery on the first cause of action and, as so modified, the judgment is otherwise affirmed without costs. Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered February 4, 1992, which denied defendants' motion to set aside the verdict, unanimously affirmed, without costs.

In this action for water damages to plaintiff's luncheonette, which occupied the ground floor of a building known as 552 Seventh Avenue, plaintiff seeks to recover for damages to her property from three water leaks emanating from the upper floors, on June 6, 1982, June 13, 1982 and May 2, 1983.

Prior to the trial, in an order dated September 26, 1989, Justice Edward J. Greenfield dismissed the negligence causes of action as to the first two water leaks, on the ground that they were barred by the (3 year) Statute of Limitations. However, Justice Greenfield determined that the contractual

causes of action, based upon the standard lease provision as to the covenant of quiet enjoyment, did survive and were not barred by the contract (6 year) Statute of Limitations. Although not now in issue since this order has not been appealed, we conclude that Justice Greenfield's order was proper and that the trial court should not have submitted the first two floodings to the jury on the basis of the negligence.

Nevertheless, at trial, the plaintiff proceeded on two theories, namely negligence and breach of the covenant of quiet enjoyment. The court refused both parties' request that the court give a charge as to the claimed breach of the covenant of quiet enjoyment. The jury found that defendants were negligent as to the first two floodings, but not as to the third.

The court's refusal to submit the causes of action for breach of the covenant of quiet enjoyment was erroneous since the evidence warranted such a charge. In searching the record and reviewing the facts, we conclude that there was a breach of the covenant of quiet enjoyment as to the second flooding on June 13, 1982, but not as to the first incident on June 6, 1982. With regard to the first flooding, there is insufficient evidence to support plaintiff's claim that this alleged breach was caused by defendants, or that they had knowledge of such condition and did nothing to correct same (see, Gordon v American Museum of Natural History, 67 NY2d 836).

However, with regard to the second flooding, one week after the first, we find the evidence to be sufficient since defendants were aware of the first flooding, and the causes thereof, prior to the second flooding. The superintendent of defendant Thurcon, accompanied by Brad Thurman, the son of Harold Thurman and an employee of the owner partnership, examined the damage to the luncheonette shortly after the first flooding. In addition, Patrick Consalvas, a partner of 552 Seventh Avenue Associates, as well as a stockholder of the managing agent, was there to examine the situation. Therefore, there was sufficient evidence to support a finding that the second flooding, one week after the first, from the same source and location on the second floor, directly above plaintiff's premises, resulted from defendants' action or inaction, thereby constituting a breach of the covenant in the lease regarding quiet enjoyment.

As to whether only one or both defendants should be held liable, it is clear on this record that the owner of the premises, defendant 552 Seventh Avenue Associates, is a partnership consisting of two partners, Harold Thurman and Patrick

Consalvas, who are the same two sole stockholders of managing agent, Thurcon Properties, Ltd. 552 Seventh Avenue Associates purchased the premises in 1980 and immediately created a separate corporation, Thurcon Properties, Ltd., to be the managing agent. Accordingly, in this close situation, the decision of the IAS Court to treat both the partnership and the corporation as a single legal entity for purposes of liability herein is warranted. There were no other parties involved in the management or ownership of the premises at the time, thereby constituting only one unified operating entity. As to the third flooding on May 2, 1983, which occurred from a fourth floor leak, there is no evidence of liability to support a recovery on any theory.

Finally, as to defendants' remaining contention, we find that the court did not err in refusing to give an adverse witness charge as to the plaintiff's missing witnesses.

Accordingly, we modify to delete the award of $7,500 by the jury of the damages from the June 6, 1982 flood, but we affirm the jury's findings as to the damages from the June 13, 1982 flooding in the sum of $18,500. Concur—Wallach, J. P., Kupferman, Kassal and Nardelli, JJ. [The unpublished Decision and Order of this Court entered on Sept. 14, 1993, is recalled and vacated.]