■ RICHARD B. COHEN, Respondent, v AKABAS & COHEN et al., Appellants. [917 NYS2d 117]—

Amended judgment, Supreme Court, New York County (Louis Crespo, Special Ref.), entered January 14, 2010, after trial, in an action to dissolve a law partnership, dismissing defendants' affirmative defense and counterclaims, dissolving the subject partnership, and awarding plaintiff $331,860.67, inclusive of interest and costs, representing his share of the value of the partnership assets upon dissolution, unanimously affirmed, with costs. Order, same court (Richard B. Lowe, III, J.), entered February 22, 2010, which denied defendants' motion to vacate the above amended judgment, unanimously affirmed, without costs.

We reject defendants' contention that the Special Referee exceeded the authority conferred by the court's September 10, 2008 order of reference by awarding plaintiff a final money judgment. Defendants expressly consented to the order of reference (CPLR 4317 [a]), which, as dictated on the record, plainly stated that the Special Referee was to hear and determine the issue of whether the remaining affirmative defense and counterclaims had been decided previously in the 2008 accounting trial; and, to the extent not disposed of, to hear and determine whatever claims and/or defenses remained; and, if necessary to facilitate such determination, to conduct an immediate trial of any issues pursuant to CPLR 3212 (c) (*see* CPLR 4311). The Special Referee having all the powers of a court (CPLR 4301), and there being nothing in the action left to determine, correctly entered judgment in plaintiff's favor, and such judgment stands as the decision of the court (CPLR 4319).

Defendants' argument that the Special Referee erred in failing to consider their claim seeking a division in kind of the dissolved firm's assets pursuant to Partnership Law § 69 (1) is an argument that could have and should have been raised in defendants' prior appeal of the Special Referee's order denying leave to amend the answer to add such claim, which prior appeal, following its consolidation with an earlier appeal, was dismissed for failure to timely perfect. We therefore decline to

address the merits of this claim (*see Bray v Cox*, 38 NY2d 350 [1976]; *Cardo v Board of Mgrs., Jefferson Vil. Condo 3*, 67 AD3d 945, 945-946 [2009]).

Were we to address this argument on the merits, we would reject it. The Partnership Law permits a court or referee, in the absence of an agreement to the contrary, to order a buyout of a "retiring" or deceased partner's interest by the remaining partners when the firm continues to operate following the partner's withdrawal (Partnership Law §§ 73, 75). Thus, the Special Referee properly tallied the partnership's assets, deducted from the total the amount of the outstanding liabilities, divided the remaining amount in accordance with each partner's relative interest in the partnership, and awarded plaintiff a money judgment against defendants, the remaining partners, in an amount representing the value of his interest in the partnership's assets (*see Dawson v White & Case*, 88 NY2d 666, 669-670 [1996]). "*Retiring* . . . partners are those who cease to be partners in the business, which is carried on by others" (*Greidinger v Hoffberg*, 49 AD2d 549, 551 [1975] [internal quotation marks omitted]; *see also Shandell v Katz*, 217 AD2d 472, 472, 473 [1995]). Moreover, ample evidence in the record indicates that the remaining partners, Akabas and Sproule, continued the partnership's business under a different name.

Defendants' contention that the Special Referee erroneously applied the clear and convincing standard of proof, rather than the preponderance of the evidence standard, to their affirmative defense is unavailing. Any minor, inadvertent misstatements notwithstanding, the Special Referee made clear in his discussion of the burdens of proof that defendants were required to establish their affirmative defense by a preponderance of the evidence. The Special Referee also held that the defense was not proven under either the clear and convincing or the less stringent preponderance of the evidence standard. Thus, any claimed error was harmless (*see* CPLR 2002).

The Special Referee's partial granting of plaintiff's motion to quash the subpoenas served on him and his new law firm was a proper exercise of discretion (*see Brady v Ottaway Newspapers*, 63 NY2d 1031, 1032-1033 [1984]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Acosta, Richter, Abdus-Salaam and Román, JJ.