■ LEON KUCHEROVSKY, ESQ., Plaintiff, v EXCEL MEDICAL & DIAGNOSTIC, P.C., et al., Defendants, PRASAD CHALASANI, M.D., Appellant, and MORIAH UNITED CORPORATION, Intervenor-Respondent. [940 NYS2d 594]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered on or about September 16, 2010, which denied pro se defendant Prasad Chalasani's motion to reject the decision and order of the Special Referee authorized to hear and determine the amount of certain escrowed funds for the period October 15, 2009 to May 1, 2010, and the proper distribution of those funds based on the court's prior order holding that the distribution was governed by the November 6, 2006 agreement (the November 6 agreement) between the parties, unanimously affirmed, without costs.

The reference in this action was clearly one to hear and determine (*see* CPLR 4301) rather than to hear and report (*see* CPLR 4201). Consequently, the referee possessed "all the powers of a court in performing a like function" (CPLR 4301), and his decision "shall stand as the decision of a court" (CPLR 4319). Since the actions of referees when they are assigned to determine an issue are tantamount to those of any sitting Supreme Court Justice, the Supreme Court may only review whether the referee exceeded the scope of the issues delineated in the order of reference (*see e.g. Cohen v Akabas & Cohen*, 79 AD3d 460, 461 [2010]).

To the extent Chalasani appeals from the court's September 16, 2010 order, the order should be affirmed. The Special Referee did not exceed the scope of his authority as delineated in

the order of reference when he determined the amount in escrow held by plaintiff for the period between October 15, 2009 to May 1, 2010, and the proper distribution of these amounts based on the court's March 3, 2010 decision and order which holds that the distribution is governed by the parties' November 6, 2006 agreement.

We note that the Special Referee correctly determined that the court's finding that the distribution of funds in this case was governed by the November 6 agreement was res judicata. However, Chalasani does not actually dispute the Special Referee's calculations of the escrow amount for the relevant time period; instead, he assigns error to the fact that Universal is receiving any disbursements at all. The "computational errors" that Chalasani is really challenging formed the basis of the court's March 3, 2010 order, from which Chalasani never appealed.

In any event, Chalasani's argument that fund disbursement is now governed by a September 28, 2009 agreement, by which he and Merchant terminated their relationship with Universal, and agreed to new distribution terms, is unavailing, as that agreement was not executed by Universal. In addition, while defendant asserts that Universal has been overpaid, the March 3, 2010 order specifically directed that Chalasani and Merchant be paid an additional amount of $19,858.03 each to compensate them for the "shortfall" that occurred when Universal was paid $72,211 and failed to make any disbursements from those funds. Concur—Andrias, J.P., Sweeny, Moskowitz, Freedman and Manzanet-Daniels, JJ.