*504 Judgment, Supreme Court, New York County (Joan A. Madden, J.), entered August 29, 2012, awarding defendant-counterclaim plaintiff the sum of $174,322.37 as against plaintiff, unanimously affirmed, without costs. Orders, same court and Justice, entered June 15, 2012, and August 15, 2012, which, respectively, to the extent appealed from, upon reargument, vacated the provision in an order, same court and Justice, entered on or about September 15, 2011, granting defendant-counterclaim plaintiffs motion for summary judgment for acceleration of a note, and, inter alia, set forth a payment schedule, with appropriate interest rates, for past due and future amounts owed defendant, consistent with the terms of the note, unanimously affirmed, without costs.
Plaintiff appealed from the September 2011 order (the original decision granting defendant’s motion for summary judgment dismissing the complaint and on his counterclaim); according to plaintiffs preargument statement, that appeal would have raised the same issues as his current appeal. After granting him an enlargement of time within which to perfect his prior appeal (see Tregerman v Auerbach, 2012 NY Slip Op 86288[U] [1st Dept 2012]), we dismissed it for failure to prosecute (see Tregerman v Auerbach, 2013 NY Slip Op 63982[U] [1st Dept 2013]).
“[A] dismissal for want of prosecution bars litigation of the issues which could have been raised on the prior appeal” (Bray v Cox, 38 NY2d 350, 354 [1976]). Although we have discretion to entertain a second appeal (see e.g. Faricelli v TSS Seedman’s, 94 NY2d 772, 774 [1999]), we decline to exercise it in this case (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750, 756 [1999]). Contrary to plaintiffs claim, the Bray rule applies even when there has been a subsequent judgment (see Cohen v Akabas & Cohen, 79 AD3d 460, 461-462 [1st Dept 2010]; Combier v Anderson, 34 AD3d 333, 334 [1st Dept 2006]).
Furthermore, plaintiff is not aggrieved by the August 2012 orders from which he appeals; they granted the relief he had requested by reducing the amount of interest he had to pay.
With respect to the remaining orders, the motion court properly granted reargument; plaintiff mentioned section 12 of the parties’ dissolution agreement in his opposition to defendant’s summary judgment motion, so he did not improperly raise it for the first time on reargument. On the merits, the motion court properly determined that, due to the interplay of section 12 and the promissory note, plaintiff was not in default, that, therefore, defendant was not entitled to acceleration of the note, and that statutory interest was not owed from the “date of the *505 breach,” but from the date, June 11, 2012, that plaintiffs obligation to pay under the note was determined. Concur — Tom, J.E, Mazzarelli, Freedman, Richter and Feinman, JJ.