In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated May 28, 2015, as denied those branches of its cross motion which were to reject so much of a decision of a Referee (Allman, Ct. Atty. Ref.), dated August 26, 2014, made after a hearing, as determined that the default rate of interest for the subject loan was 8.25%, and for an award of counsel fees.
 

 Ordered that the order is affirmed insofar as appealed from, with costs.
 

 In 1994, Ester Edrich borrowed money from the plaintiff’s predecessor-in-interest, granting a mortgage on her home as security for the repayment of the loan. After her death in 1999, her successors failed to make timely mortgage payments, and in 2006 the plaintiff commenced this action to foreclose the mortgage. After the plaintiff was awarded summary judgment on the complaint in 2007, a dispute arose as to the applicable default rate of interest. By order dated January 18, 2012, the Supreme Court found that the relevant transaction documents were ambiguous as to the default rate of interest, and a Referee was appointed, inter alia, to hear and determine this issue. After a hearing at which extrinsic evidence was presented by both sides, the Referee determined, among other things, that the applicable default rate of interest was 8.25%. The plaintiff cross-moved, inter alia, to reject that portion of the Referee’s decision and for an award of counsel fees. The Supreme Court denied those branches of the cross motion, and the plaintiff appeals.
 

 Where a referee is appointed to hear and determine, rather than to hear and report (see CPLR 4201), the referee possesses “all the powers of a court in performing a like function” (CPLR 4301), and his or her “decision . . . shall stand as the decision of a court” (CPLR 4319). “Since the actions of referees when they are assigned to determine an issue are tantamount to those of any sitting Supreme Court Justice, the Supreme Court may only review whether the referee exceeded the scope of the issues delineated in the order of reference” (Kucherovsky v Excel Med. & Diagnostic, P.C., 93 AD3d 531, 531 [2012]). Here, the order of reference specifically gave the Referee, in relevant part, the power “to determine the issue of the default rate of interest.” Since the Referee’s determination of the default rate of interest under the note and mortgage was plainly within the scope of the issues delineated in the order of reference, the Supreme Court properly denied that branch of the plaintiff’s cross motion which was to reject that portion of the Referee’s decision.
 

 Under the circumstances of this case, the Supreme Court properly denied that branch of the plaintiff’s cross motion which was for an award of counsel fees.
 

 Mastro, J.R, Chambers, LaSalle and Brathwaite Nelson, JJ., concur.