U.S. Bank Natl. Assn. v Gokhberg (2020 NY Slip Op 05969)





U.S. Bank Natl. Assn. v Gokhberg


2020 NY Slip Op 05969


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2017-08289
 (Index No. 3082/13)

[*1]U.S. Bank National Association, etc., respondent,
v
Yury Gokhberg, et al., appellants, et al, defendants.


Tsyngauz & Associates, P.C., New York, NY (Roman Kopelevich of counsel), for appellants.
Hinshaw & Culbertson LLP, New York, NY (Mitra Paul Singh of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Yury Gokhberg and Tatyana Gavrikova appeal from an order of the Supreme Court, Kings County (Noach Dear, J.), dated June 6, 2017. The order denied the motion of those defendants pursuant to CPLR 4404(b) to set aside so much of a decision of the same court (Miriam P. Sunshine, Ct. Atty. Ref.) dated September 15, 2016, as, after a hearing, determined that service of process upon the defendant Tatyana Gavrikova was proper, and granted that branch of the plaintiff's cross motion which was pursuant to CPLR 306-b for an extension of time to serve the summons and complaint upon the defendant Yury Gokhberg.
ORDERED that the order is affirmed, with costs.
In February 2013, the plaintiff commenced this action, against, among others, the defendants Yury Gokhberg and Tatyana Gavrikova (hereinafter together the defendants), to foreclose a mortgage encumbering certain real property located in Brooklyn. In March 2015, following the defendants' failure to appear or answer the complaint, the plaintiff moved for an order of reference. The defendants cross-moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. A hearing to determine the validity of service of process was ordered and, pursuant to stipulation, the matter was referred to "hear and determine." On September 15, 2016, after a hearing, a Referee determined that service of process upon Gavrikova was proper, but that the plaintiff failed to establish that service of process upon Gokhberg was proper.
The defendants moved to set aside so much of the Referee's decision as determined that service of process upon Gavrikova was proper. The plaintiff cross-moved, inter alia, pursuant to CPLR 306-b for an extension of time to serve the summons and complaint upon Gokhberg. By order dated June 6, 2017, the Supreme Court denied the defendants' motion and granted that branch of the plaintiff's cross motion. The defendants appeal.
Where an order of reference directs that the referee "hear and determine" (CPLR 4301), rather than "hear and report" on (CPLR 4201), the referee possesses "all the powers of a court in performing a like function" (CPLR 4301), and the determination stands as the decision of a court [*2](see CPLR 4319; Muir v Cuneo, 251 AD2d 638, 639). "Since the actions of referees when they are assigned to determine an issue are tantamount to those of any sitting Supreme Court Justice, the Supreme Court may only review whether the referee exceeded the scope of the issues delineated in the order of reference" (MMAL Corp. v Edrich, 156 AD3d 780, 781).
Here, the order of reference, stipulated to by the parties, gave the Referee the power to determine the issues presented at the hearing to determine the validity of service of process. Since the challenged determination of the Referee was plainly within the scope of the order of reference, we agree with the Supreme Court's determination denying the defendants' motion.
The Supreme Court providently exercised its discretion in granting that branch of the plaintiff's cross motion pursuant to CPLR 306-b for an extension of time to serve the summons and complaint upon Gokhberg. Service was attempted within 120 days of the filing of the summons and complaint, and the plaintiff had a reasonable belief that service was proper until the date of the hearing, when the defendants revealed that the plaintiff's process server had mistakenly served a relative of Gokhberg who had the same name. Further, Gokhberg had actual knowledge of the action, there is no identifiable prejudice to him attributable to the delay in proper service, and the complaint appears to be potentially meritorious. Accordingly, the plaintiff demonstrated that an extension of time to serve the summons and complaint upon Gokhberg was warranted (see US Bank N.A. v Saintus, 153 AD3d 1380, 1381).
MASTRO, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court