Wells Fargo Bank, N.A. v Spatafore (2024 NY Slip Op 05128)

Wells Fargo Bank, N.A. v Spatafore

2024 NY Slip Op 05128

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-02884
 (Index No. 604864/16)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Anthony R. Spatafore, et al., appellants, et al., defendants.

Jeffrey Herzberg, P.C., Hauppauge, NY, for appellants.
Friedman Vartolo LLP, New York, NY (Zachary Gold and Lance Colquitt of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Anthony R. Spatafore and Deborah M. Spatafore appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Paul M. Hensley, J.), entered August 8, 2022. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court dated April 11, 2022, inter alia, denying that branch of the cross-motion of those defendants which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the real property at issue.
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from, with costs.
In March 2016, the plaintiff, Wells Fargo Bank, N.A., commenced this action against, among others, the defendants Anthony R. Spatafore and Deborah M. Spatafore (hereinafter together the defendants) to foreclose a mortgage encumbering certain real property located in Suffolk County (hereinafter the premises). The plaintiff alleged, inter alia, that it was successor in interest to World Savings Bank, FSB, which had entered into a loan agreement with the defendants, secured by a mortgage, and that the defendants had stopped making payments pursuant to the terms of the note. In their answer, the defendants alleged, among other things, that the plaintiff lacked standing to commence the action, and the defendants thereafter moved, inter alia, pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against them.
In an order dated December 23, 2020, the Supreme Court inter alia, denied that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against them.
The plaintiff then moved, inter alia, to confirm a referee's report and for a judgment of foreclosure and sale. In support of the motion, the plaintiff submitted the referee's report, which determined that the defendants owed a total sum of $1,023,858.98 on the note. The defendants opposed the motion, contending that the referee failed to comply with the terms of the note when it [*2]applied the interest rate. The defendants also cross-moved, again, among other things, pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against them on the ground that the plaintiff's successor in interest lacked the capacity to sue in New York courts.
In an order dated April 11, 2022, the Supreme Court, among other things, denied that branch of the defendants' cross-motion which was to dismiss the complaint insofar as asserted against them. In an order and judgment of foreclosure and sale entered August 8, 2022, the court, inter alia, granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the premises. The defendants appeal.[FN1]
The Supreme Court properly granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale. The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility (see U.S. Bank N.A. v Sheth, 177 AD3d 1018, 1020; Flagstar Bank, F.S.B. v Konig, 153 AD3d 790, 790-791).
Here, the note provided that the interest rate would be based on "an Index," defined as the Cost of Savings Index (hereinafter COSI) as published by Wachovia Corporation (hereinafter Wachovia). The note further provided that "[t]he Lender may choose an alternate index if the Index is no longer available. . . . The selection of an alternate index shall be at Lender's sole discretion." Since there is no real dispute that the COSI set forth in the note was no longer available and the selection of an alternate index was at the lender's sole discretion, the referee properly applied the interest rate pursuant to the terms of the note (see MMAL Corp. v Edrich, 156 AD3d 780, 781).
The Supreme Court also properly denied that branch of the defendants' cross-motion which was pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against them. Although the court should not have determined that this branch of the cross-motion was barred by the "single motion rule" of CPLR 3211(e) (see Newlands Asset Holding Trust v Vasquez, 218 AD3d 786, 787), the defendants waived the defense they asserted—that the plaintiff lacked the capacity to sue in New York—by failing to raise it in their answer (see CPLR 3211[e]; JP Morgan Chase Bank, N.A. v Butler, 129 AD3d 777, 780).
The parties' remaining contentions are not properly before this Court, are without merit, or need not be reached in light of our determination.
DUFFY, J.P., MILLER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court

Footnotes

Footnote 1:The defendant Anthony R. Spatafore passed away after this appeal was perfected. Under the circumstances of this case, an estate representative need not be substituted for the decedent (see CPLR 1015[b]).