Real World Holdings LLC v 393 W. Broadway Corp. (2025 NY Slip Op 03394)

Real World Holdings LLC v 393 W. Broadway Corp.

2025 NY Slip Op 03394

Decided on June 05, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 05, 2025

Before: Renwick, P.J., Kapnick, Mendez, Pitt-Burke, Michael, JJ. 

Index No. 160732/15|Appeal No. 4533|Case No. 2024-03480|

[*1]Real World Holdings LLC, Plaintiff-Respondent,
v
393 West Broadway Corp., et al., Defendants-Appellants.

Smith Buss & Jacobs, LLP, New York (Jacqueline L. Aiello of counsel), for appellants.
J. Mark Lane, P.C., Larchmont (John Mark Lane of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about November 29, 2023, which, to the extent appealed from as limited by the briefs, denied that part of defendants' motion for summary judgment dismissing plaintiff's fifth through eighth, twentieth, and twenty-first claims for breach of the covenant of quiet enjoyment, breach of the implied covenant of good faith and fair dealing, injunctive relief, and damages relating to the overissuance of shares, and injunctive relief and damages relating to the roof restructuring, unanimously affirmed, with costs.
The fifth claim for breach of the covenant of quiet enjoyment was properly sustained based on plaintiff's unrebutted evidence of its inability to use and enjoy its unit (see e.g. Koretz v 363 E. 76th St. Corp., 178 AD3d 445, 447 [1st Dept 2019]). There is no dispute that plaintiff has never been able to occupy its unit since its purchase in 2008 due to the parties' ongoing dispute with respect to the scope of plaintiff's renovation plans. While defendants maintain that plaintiff could simply abandon the plans rejected by the cooperative's board of directors, the September 10, 2018 order in this action prohibits anyone from entering the unit without proper asbestos protective gear due to high levels of asbestos in the unit, which is alleged to have been the result of the cooperative's roof work.
In support of the motion, defendants failed to submit an affidavit by a party with knowledge to establish that the cooperative's conduct was not preventing plaintiff from occupying the unit (see Lanin v Thurcon Props., 197 AD2d 423, 424 [1st Dept 1993]). By contrast, plaintiff's member averred that the asbestos contamination was contemporaneous with the cooperative's work and had not been remediated, and plaintiff's engineering consultant submitted an affidavit stating that he personally observed leaks into plaintiff's unit caused by the cooperative's roof work. Therefore, a factual question exists as to whether the cooperative's conduct, taken together, "substantially and materially deprived [plaintiff] of the beneficial use and enjoyment of the premises" (Jackson v Westminster House Owners Inc., 24 AD3d 249, 250 [1st Dept 2005], lv denied 7 NY3d 704 [2006]).
The motion court also properly denied dismissal of the sixth claim for breach of the covenant of good faith and fair dealing. Defendants contend that the claim contradicts the express terms of the parties' roof purchase agreement, which gave the cooperative's board of directors the authority to reject plaintiff's plans to restore the mezzanine level of plaintiff's unit, which had existed since 1970s, because it would impermissibly use additional development rights reserved for the cooperative's use. In opposition, however, plaintiff presented evidence that it had received confirmation from the New York City Department of Buildings, at the board's behest, that restoring the mezzanine would not affect the cooperative's development [*2]rights, and defendants submitted no evidence of the board's good-faith basis for continuing to rely on its concerns about development rights to defeat plaintiff's right to restore an existing structure, warranting denial of that branch of the motion (see e.g. Parlux Fragrances, LLC v S. Carter Enters., LLC, 204 AD3d 72, 92 [1st Dept 2022] ["to the extent defendants were entitled to exercise discretion in the manner in which they performed their obligations . . . they were, under the covenant . . . prohibited from acting arbitrarily, irrationally, or in bad faith"]).
Contrary to defendants' contention, the claim does not require reliance on a specific provision of the contract (see Skillgames, LLC v Brody, 1 AD3d 247, 252 [1st Dept 2003]). Although defendants also assert that the claim was duplicative of the dismissed claim seeking to compel the board to approve plaintiff's alteration plans, they differ to the extent that the instant claim does not seek to require the board to approve its specific plans but rather to obtain an award of damages based on the board's bad-faith exercise of the discretion afforded to it under the roof purchase agreement (Parlux Fragrances, LLC, 204 AD3d at 92).
The court also properly rejected defendants' assertion of mootness with respect to the seventh and eighth claims for injunctive relief and damages relating to the cooperative's issuance of four nonexistent shares to plaintiff for its private roof space under the roof purchase agreement. As the Special Referee's report dated September 11, 2020 properly found, these claims constitute a continuing wrong for which the cooperative would continue to be liable until cured. Because defendants failed to present evidence that it has abided by the order's directives to take all steps to amend the certificate of incorporation to increase the cooperative's shares from 216 to 220, to issue the four shares to plaintiff, and to reimburse plaintiff for its reasonable attorneys' fees incurred as a result of the overissuance, the claims cannot be said to be finally resolved on this record.
While under CPLR 4319, a referee's decision on a reference to hear and determine "shall stand as the decision of a court," that argument has no bearing on the issues here. To the extent this argument seeks an order contradicting the Referee's finding that the issuance of nonexistent shares constitutes a continuing wrong, the September 11, 2020 order was never appealed, and the motion court denied defendants' motion to vacate in its June 30, 2021 order (see Cohen v Akabas & Cohen, 79 AD3d 460, 461 [1st Dept 2010] [rejecting argument "that could have and should have been raised in defendants' prior appeal of the Special Referee's order"]).
Defendants' reliance on the parties' September 13, 2021 stipulation resolving the reference on the question of plaintiff's reasonable attorneys' fees is similarly unavailing. That stipulation expressly states that it resolves plaintiff's damages relating [*3]to the overissuance "to the date hereof" and that plaintiff agreed to discontinue prosecution of the fee reference, not the underlying claims. In light of the cooperative's apparent failure to cure the overissuance and defendants' reliance on the September 11, 2020 order finding that this failure constitutes a continuing wrong, the motion court properly denied dismissal of the seventh and eighth claims.
Furthermore, the motion court properly determined that defendants had not established as a matter of law that dismissal of plaintiff's 20th and 21st claims was warranted. Under sections 10.1 and 10.4 of the parties' roof purchase agreement, the responsibility for maintenance and repair of the roof falls to the cooperative, the necessity of which is to be determined "by the Corporation's architect or engineer," upon written notice to plaintiff.
In support of its motion, defendants did not submit an affidavit by its architect or engineer, or by anyone attesting to the basis or propriety of its plans. In opposition, plaintiff's roof consultant observed specific deficiencies in the performance of the work in May 2018, which were actively causing leaks into the unit, which defendants did not rebut. Although in general, the business judgment rule shields board decisions from judicial scrutiny, the cooperative is still bound to its contractual obligations under the roof purchase agreement with plaintiff to properly maintain and repair the roof (Goldstone v Gracie Terrace Apt. Corp., 110 AD3d 101, 105 [1st Dept 2013] ["A breach of a tenant's proprietary lease by the cooperative's board of directors may be the best of the options open to the board, but that does not protect it from liability for that breach"]). Particularly given the motion court's May 31, 2017 order in which the cooperative was directed to replace the roof "legally, completely and comprehensively," a trial is necessary to establish whether the cooperative's work complied with its obligations under the roof purchase agreement.
We have considered defendants' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 5, 2025